## Graves County, Kentucky v. Wallace, Sheriff.

(Decided June 7, 1911.)

### Appeal from Graves Circuit Court.

1. Sheriffs—Fees for Attending Quarterly Courts—Under the statute now in force sheriffs are not entitled to two dollars per day, or any fee by attending by themselves or deputies, the sessions of the quarterly court.

2. County—Liability for Money Expended by Sheriffs to Purchase Tax Books and County Claim Books—There being no statute authorizing such expenditure, the sheriff is not entitled to reimbursement by the county for money expended by him in purchasing tax receipts, tax books and county claim books.

M. B. HOLIFIELD for appellant.

ROBBINS & THOMAS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This appeal presents for determination two questions:

1. Is the sheriff of a county entitled to two dollars per day for attending, by himself or his deputy, the sessions of the Quarterly Court?

2. Is he entitled to reimbursement by the county for money expended by him in purchasing tax receipts, tax books and county claim books?

These two questions arise in the following manner: Appellee, R. B. Wallace, is the sheriff of Graves County. In October, 1910, he presented the following claim against that county from January 1 to October 1, 1910: Oct. 5, to waiting on Quarterly and County

| | |
|---|---:|
| Courts 136 days | $272 00 |
| 10,000 Tax Receipts | 37 00 |
| Tax Books | 34 50 |
| County Claim Book | 10 50 |
| Total | $354 00 |

Of his claim for court attendance, only thirty-one days was for waiting on the county court; the balance of his claim was for attendance on the Quarterly Court.

The Fiscal Court allowed him two dollars per day for the thirty-one days' attendance on the County Court, but rejected the balance of his claim. From that order he prosecuted an appeal to the Graves Circuit Court. There he filed a complete statement of the facts. To this statement Graves County filed a demurrer, which was overruled. Having declined to plead further, judgment was rendered against the county for the full amount of appellee's claim. From that judgment this appeal is prosecuted.

1. Under the old Constitution, the County Court was mentioned and provided for in that instrument. The Quarterly Court was not, however, a constitutional court in the sense that it was distinctly provided for in the Constitution; it was authorized by the Constitution, under section 1, article 4, of that instrument, which gave to the Legislature power to establish courts inferior to the Court of Appeals. Pursuant to this authority, the Legislature did establish a Quarterly Court for each county, which, although presided over by the county judge, was recognized as being a court entirely separate from and independent of the ordinary County Court.

Under the present Constitution, which was adopted in the year 1891, Quarterly Courts, County Courts, Justice's Courts, Police Courts and Fiscal Courts, in addition to the Court of Appeals and Circuit Courts, were all provided for in that instrument and directed to be established. Section 139 of the Constitution, provides that there shall be established in each county now existing or which may hereafter be created, in this State, a court, to be styled the Quarterly Court, the jurisdiction of which shall be uniform throughout the State, and shall be regulated by a general law, and, until changed, shall be the same as that now vested by the law in the Quarterly Courts of this Commonwealth. The judges of the County Courts shall be the judges of the Quarterly Courts.

Under the old Constitution, the law in force relating to the fees of sheriffs for attending and keeping order in the various courts was as follows: "For attending, by themselves or deputies, and keeping order in the Circuit, County, or Quarterly Courts and Court of Claims, a reasonable compensation to be allowed by the Circuit Judge and paid out of the State Treasury, not

to exceed fifty dollars per annum." (General Statutes, chapter 41, article 7, section 1.)

After the adoption of the present Constitution, this provision of the statutes relating to the fees of sheriffs was amended so as to read: "For attending, by himself or deputy, the regular terms of the County Courts, a reasonable allowance not exceeding two dollars per day, to be allowed by the County Judge and paid out of the county levy." (Kentucky Statutes, section 1726.)

The Legislature also provided, under the head of Claims upon the Treasury: "To a sheriff, for attending, by himself or by a deputy, and keeping order in a Circuit Court, two dollars per day." (Kentucky Statutes, section 354, subsection 3.)

The Legislature also re-enacted section 38, chapter 101, of the General Statutes, which provides: "Sheriffs shall, by themselves or deputies, attend and keep order in the Circuit, County, Quarterly Court and Court of Claims of their respective counties. They shall obey the orders of said courts, and for failing to attend, or, if in attendance, for failing to keep order, or to obey the orders of the court, may be summarily fined, not exceeding twenty dollars, by the court in which the offense is committed." This provision is contained in section 4587, of the Kentucky Statutes.

For appellee, it is insisted that, because the Quarterly Court is presided over by the County Judge alone, it is as much a County Court as the regular County Courts established by the Constitution; and, as section 1726 provides for the payment of two dollars per day "for attending, by himself or deputy, the regular terms of the County Courts," and not the "regular terms of the County Court," it was the evident purpose of the Legislature to allow for attendance on the Quarterly Court. This view, it is claimed, is strengthened by the provisions of section 4587, of the Kentucky Statutes, above quoted, which makes the attendance of sheriffs or their deputies upon the sessions of the Quarterly Courts compulsory, and imposes a fine for non-attendance. It will be observed, however, that prior to the adoption of the present Constitution the sheriff received not exceeding fifty dollars per annum for attending and keeping order in the Circuit, County, Quarterly Courts and the Court of Claims. Under the present system, he is allowed two

dollars per day for attending, by himself, or deputy, the regular terms of the County Courts, to be paid out of the county levy, and for attending, by himself or by deputy, and keeping order in the Circuit Courts two dollars per day, to be paid by the State. It is manifest that, by the latter plan, his compensation for court attendance has been largely increased, for, in every county, he will receive a sum in excess of that allowed under the old system. Moreover, the Quarterly Court, though presided over by the County Judge, is a separate and independent court, created and established by the Constitution. It is no more a County Court than the Fiscal Court or a Justice's Court, each of which has jurisdiction co-extensive with the limits of the county. To hold that the Quarterly Court is a County Court, and that the Legislature intended, by providing that the sheriff should receive fees for attending the regular terms of the County Court, that he should also be paid for attendance on Quarterly Courts, would be to disregard the provisions of the present Constitution and Statutes, and to give no effect to the action of the Legislature in omitting from section 1726, of the Kentucky Statutes, all reference to attendance on Circuit and Quarterly Courts and Courts of Claims. The Legislature must have meant something by providing in a separate section for fees for attendance on the Circuit Courts and by omitting from the present law all reference to attendance on the Quarterly Courts. That the Legislature recognized the distinction between County Courts and Quarterly Courts, and that it did not omit from the present law the words "Quarterly Courts" upon the idea that they were included within the words "County Courts," is further shown by the fact that, in the same section providing for fees for court attendance, there is the following: "For services rendered in cases in Quarterly Courts the sheriff shall be allowed the same fees given to constables in all cases where the amount claimed is fifty dollars or under."

We, therefore, conclude that the Legislature, by purposely omitting from section 1726 all reference to services in attending Quarterly Courts, and by providing a new method of compensation which increased the fees of sheriffs over that embraced in the old law, intended that the new plan should be a complete substitute for the old, and that sheriffs should not be paid for

their services attending and keeping order in Quarterly Courts.

The fact that the attendance of the sheriffs upon Quarterly Courts is made compulsory, and that they are liable to a fine for non-attendance, does not in any way lead to a different conclusion; for, under the statutes of this State and the repeated adjudications of this court, there are many duties which officers like sheriffs and clerks have to perform by virtue of their office, and for the payment of which no provision has been made. In such a case the officer performing the services is not entitled to any fee. (Kentucky Statutes, section 1749, subsection 1; Wortham v. Grayson County, 13 Bush, 53; Morgantown Deposit Bank v. Johnson, 108 Ky., 507; Suter v. Stone, 108 Ky., 518; Mitchell v. Henry County, 124 Ky., 833; Young v. Jefferson County, 30 Ky. Law Rep., 1209; Fiscal Court v. Pflanz, 127 Ky., 18.

2. As to appellee's right to reimbursement for money expended by him in purchasing tax receipts, tax books and county claim books, it is insisted that, as these receipts and books are necessary in the performance of the sheriff's duties, and, as they are not his private books, but are public records, the expense of furnishing them should be borne by the county, and not by the sheriff. This may be a good reason why the county should be authorized to pay such a claim, but it is no reason for requiring the county to pay, in the absence of legislative authority so to do. After careful examining the statutes, we have been unable to find any authority for such expense. The rule is that a county can not become indebted by implication; in order to charge it with liability there must be authority of law.

There being no authority authorizing the reimbursement of appellee for the expenditures mentioned, it follows that he is not entitled to recover.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.