## Dorris v. Logan County.

.(Decided October 21, 1924.)

### Appeal from Logan Circuit Court.

1. Taxation—Assessor Not Entitled to Compensation for Preparing and Furnishing Lists, which it was His Duty to do.—If it was duty of county assessor to prepare and furnish list of poll tax payers, he could not, in absence of statute authorizing payment, be compensated therefor, under Ky. Stats., section 1749, subsection 1.
2. Counties—Illegal Fees Paid Officers May be Recovered.—Illegal fees paid by county to officers may be recovered by county.

3. Taxation—Duty of County Assessor or Tax Commissioner to Prepare and Furnish Poll Tax Lists without Extra Compensation.—Under Ky. Stats., section 4114i-12, subsection 3, and sections 4114i-15, 4239a, it is the duty of the tax commissioner, and formerly it was duty of county assessor, to prepare and deliver list of poll tax payers, and such officers are not entitled to compensation therefor, in view of section 1749, subsection 1.

S. R. CREWDSON, COLEMAN TAYLOR and S. Y. TRIMBLE for appellant.

HUBERT MEREDITH, S. H. BROWN and I. G. MASON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The Logan county fiscal court paid to George F. Dorris as assessor of that county the sum of $601.45 for assessing and delivering to the county a list of poll tax payers for the years 1917 and 1918.

Afterwards for similar services for the years 1919, 1920 and 1921 the same court paid to E. G. Clark, as tax commissioner of that county, the sum of $896.20, aggregating three years' services.

Separate suits were filed against Dorris and Clark by the county attorney of Logan county to recover severally from each the sums so paid him, with interest from the date of payment. Judgment for the full amount claimed in each instance was returned in favor of the county and defendants appeal, it being agreed that both cases be heard together in this court.

It is conceded that if it was the duty of the assessor to prepare and furnish these lists he could not, in the absence of a statute authorizing payment, be compensated therefor. Kentucky Statutes, section 1749; Elliott v. Commonwealth, 144 Ky. 335; Morgantown Deposit Bank v. Johnson, 108 Ky. 507; Jefferson County v. Peter, &c., 127 Ky. 453; Wortham v. Grayson County, 13 Bush 53; Graves County v. Wallace, 144 Ky. 194. On the same authority it is further conceded that illegal fees, if paid, may be recovered from such officers in a proceeding of this character. But it is claimed that a poll tax is an item of county revenue only and that there is nothing in the statute requiring the tax commissioner or in the former statute requiring the assessor to make a list of such polls; that, on the contrary, the duties of these officers since the adoption of the present Constitution have been confined

to a property assessment; that as no duty devolved upon them to list polls, it is not only permissible, but it is the duty of the fiscal court to arrange for the performance of that service; that it may arrange for any one to do this, and may thus employ the assessor or tax commissioner; that in so doing, it is not increasing the duties or the salary of the officer or compensating him for a duty that he is under an obligation to perform, but it is contracting with him as a private citizen to procure for it the necessary data for the collection of its taxes; that the compensation of the assessor is on a percentage basis and is allowed only in the assessment of property, and that it has been the practice in Logan county for many years to allow to the assessor and tax commissioner for the services herein referred to, the sum of five cents per list. This is the amount paid to appellants and it is a reasonable compensation for the services performed.

Without committing ourselves to appellants' argument, if we assume that it is logical, we may yet conclude that it is based on an improper premise. It is true that the assessment officers for some years past have been paid on a percentage basis and that strictly speaking the notation of a poll is not the assessment of property, but it has always been included in such assessment.

The first act passed after the adoption of the new Constitution in 1892 provided a schedule for the assessor to use in his work and which it was his duty to fill out. Interrogatories Nos. 79 and 80 of that schedule were as follows:

"79. Males over twenty-one years of age .............
"80. Legal voters............."

These items were required to be filled in and returned under oath of the taxpayer the same as others. In all of the amendments to that act up to the year 1917, a similar schedule was prepared, and in each of which the above information was required.

The office of assessor was abolished by the act of April 11, 1917, and that of tax commissioner created. Under that act as amended by the act of March, 1918, the state tax commission is authorized to prepare the schedule to be used by the assessment officers in listing the property of taxpayers, and since that date has exercised those powers. Section 4114-12, subsection 3, Kentucky Statutes. And in the schedules prepared by it to be filled

out by the county commissioner, substantially the same interrogatories appear, to-wit, under heading of poll tax:

"1. Are you subject to poll tax?
"2. Are you a legal voter?"

The assessor's books are required to be in the county court clerk's office before the first day of January, section 4114-1-15, Kentucky Statutes, and by the provisions of section 4239, Kentucky Statutes, the clerk is required to copy the assessor's book for the sheriff. It thus appears that formerly it was the duty of the assessor, and since that office was abolished, it has been the duty of the tax commissioners, to list poll taxes and of the clerk to copy them for the sheriff. It is true that the legislature has provided no special compensation for this work. It may be that it deemed the compensation allowed on the percentage basis for property assessment was sufficient to reimburse the officer for this, or it may be that the legislature overlooked the fact, but that is not a question for us to decide. It is the duty of the tax commissioner to make the assessment, and as no compensation has been provided therefor the fiscal court is without power to allow it.

Perceiving no error the judgment is affirmed.