## Commonwealth, for Use, etc. v. Nunnelley, et al.

(Decided November 24, 1925.)

### Appeal from Scott Circuit Court.

1. Sheriffs and Constables—Sheriff May be Required by County to Account for all Moneys Received by Him as Compensation in Excess of Salary Provided and Compensation for His Deputies and Assistants.—Under Constitution, section 246, sheriff may be required by county in a proper action for that purpose to account for all moneys received by him as compensation either for collection of revenues or by way of fees for performance of duties in his office, in excess of $5,000.00, and fair compensation to a reasonable number of

deputies and assistants in good faith employed in his office, which responsibility can not be avoided by sheriff employing an unnecessary number of deputies and assistants, or other subterfuges.

2.    Sheriffs and Constables—County Held Entitled to Maintain Action Against Sheriff and Surety for Complete Settlement of Accounts of Sheriff Without Seeking to Surcharge His Settlement with Fiscal Court.—County held entitled to maintain action against ex-sheriff and his surety for a complete settlement of his accounts with county for certain prior years without seeking to surcharge his settlement, which had been approved by the fiscal court, where sheriff had made no settlement for any of the years involved, within meaning of Kentucky Statutes, sections 1884, 4146.

3.    Sheriffs and Constables—Court Authorized to Determine on Presentation of Proper Pleadings by County whether Number of Deputies Employed by Sheriff and their Compensation is reasonable.—In action by county against sheriff and surety for complete settlement of accounts of sheriff, question of reasonableness of number of deputies employed by sheriff and reasonableness of their compensation might be presented by county by proper pleading, where a state of facts warranted it, and court would then be authorized to determine from all the facts before it whether number of such deputies and their compensation was greater than interest of taxpayers and of the office required.

4.    Sheriffs and Constables—Fiscal Court should have Allowed Sheriff Reasonable Amount Paid for Telephone.—Fiscal court should have allowed sheriff, in view of Kentucky Statutes, section 1840, a reasonable amount paid for telephone bill, since it is now such a necessary fixture in his office as to be a part of the equipment of a "suitable and convenient office."

5.    Sheriffs and Constables—Fiscal Court Without Authority to Pay Premiums on Sheriff's Official Bond.—Fiscal court in settlement of sheriff's account was without authority, in view of Kentucky Statutes, section 1840, to pay premiums on sheriff's official bond.

6.    Counties—Fiscal Court Without Authority to Allow Expense of Deputies in Making Arrests in Settlement of Sheriff's Accounts.— Fiscal court in settlement of sheriff's accounts was without authority, in view of Kentucky Statutes, section 1840, to allow expenses of deputies in making arrests, since it is duty of sheriff and his deputies in making such arrests to pay their own expenses.

7.    Counties—Fiscal Court Without Authority to Allow Sheriff for Post Office Box Rent.—Fiscal court was without authority, in view of Kentucky Statutes, section 1840, in settlement of sheriff's accounts, to allow an item for post office box rent.

8.    Counties—Fiscal Court should have Disallowed Claim for Advertising in Settlement of Sheriff's Accounts.—Fiscal Court, in settlement of sheriff's accounts, should have disallowed claim, in view of Kentucky Statutes, section 1840, listed as "advertising," in absence of more definite information.

9.    Counties—Fiscal Court should have Disallowed Expenses of Automobile for Use of Sheriff.—Fiscal court, in settlement of sheriff's

accounts, should have disallowed expenses of automobile for use of sheriff, in view of Kentucky Statutes, section 1840.

10. Counties—Fiscal Court should have Disallowed Item Relating to Stamps, Stationery and Books in Settlement of Sheriff's Accounts. —Fiscal court, in settlement of sheriff's accounts, should have disallowed item relating to "stamps, stationery and books," in view of Kentucky Statutes, section 1840, where no information was given as to nature of books or stationery, and stationery and stamps being a part of his expenses to be borne out of his compensation.

11. Counties—Item for Destroying Dogs should have Been Disallowed by Fiscal Court in Settlement of Sheriff's Accounts.—Fiscal court, in settlement of sheriff's accounts, should have disallowed item styled "taking up and destroying dogs," in view of Kentucky Statutes, section 1840, in absence of more definite information.

12. Counties—Fiscal Court should have Disallowed Incidentals in Settlement of Sheriff's Accounts.—Fiscal court, in settlement of sheriff's accounts, should have disallowed an item styled "Incidentals," in absence of more definite information, in view of Kentucky Statutes, section 1840.

13. Estoppel—County Not Estopped to Proceed Against Sheriff and His Surety for Complete Settlement of His Accounts for Prior Years.—County held not estopped to proceed against sheriff and his surety for a complete settlement of his accounts for prior years, where sheriff had not settled his accounts, and surety knew it, and pleading of surety was defective for failure to allege knowledge of existence of issuance of "quietus" to sheriff, or that he had property sufficient to satisfy claims of county against him or knew the value of such property and its depreciation until after commencement of the proceeding.

14. Sheriffs and Constables—Sheriff Held Not Entitled to Retain Excess in Commission Paid by State to Him for Collection of State Revenue.—In settlement of sheriff's accounts, sheriff held not entitled to retain commissions paid by state to him for collection of state revenue, which, when added to his other compensation, exceeded $5,000.00 and reasonable compensation to a reasonable number of deputies, since sheriff is a county official, responsible to the county, and is only the agent of the state for collection of its revnue.

H. C. FORD for appellant.

JAMES BRADLEY and BRADLEY & BRADLEY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Scott county, upon relation of H. C. Ford, county attorney, instituted this action in the Scott circuit court against appellee, F. V. Nunnelley, ex-sheriff of that county, and his surety, the United States Fidelity and

Guaranty Company, a corporation, for a complete settlement of accounts of the ex-sheriff with the county for the years 1918, 1919, 1920 and 1921, while he was exercising the duties of the office of sheriff of the county and enjoying the emoluments and perquisites of the office; and, to collect from appellee, Nunnelley, certain sums alleged to be due the county.

It is alleged in substance that Nunnelley, as sheriff, received compensation in his official capacity for the year 1918 of $675.95 in excess of the maximum salary of $5,000.00 which he was entitled to receive under section 246 of the Constitution of Kentucky, independent of his legally authorized deputies and assistants and that he likewise received $3,016.98 for the year 1919, and $4,732.14 for the year 1920, and $4,295.93 for the year 1921, for no part of which has he accounted to the county in any settlement. Nunnelley and his surety filed separate answers denying liability to the county for any of the sums claimed. These answers were each in several paragraphs. The county demurred to the answers and to each paragraph thereof of both defendants, and in passing upon and sustaining in part and overruling in part, these demurrers, the court disposed of the case, denying recovery to the county upon all items claimed save the sum of $226.84 for the year 1920, which it was found the sheriff had received in excess of the compensation allowed by the constitutional provision to which we have referred. Section 246 of the Constitution of Kentucky provides:

"No public officer, except the governor, shall receive more than five thousand dollars ($5,000.00) per annum as compensation for official services, independent of the compensation of legally authorized deputies and assistants, which shall be fixed and provided for by law. The General Assembly shall provide for the enforcement of this section by suitable penalties, one of which shall be forfeiture of office by any person violating its provisions."

Construing that section we have held in the case of Shipp v. Rhodes, 196 Ky. 523, and in Shipp v. Bradley, 210 Ky. 51, that a sheriff cannot retain as compensation for his official services to the county, independent of the compensation of his legally authorized deputies and assistants, a sum in excess of $5,000.00, and that the county;

by proper action, may recover any excess thus received and retained by the sheriff.   In the Rhodes case we said:

"Section 246 of the Constitution *per se* interdicts the retention of more than $5,000.00 per annum as compensation for the official services of the sheriff of the county, independent of the compensation of his legally authorized deputies and assistants."

And further that:

"Section 246 of the Constitution is a restrictive provision and may be enforced by the courts as against a sheriff without the aid of legislative action defining the number of deputies that he may lawfully employ and fixing the respective salaries to be paid for their services."

In this connection we further held that the failure of the legislature to fix the number of deputies and their salaries "does not impair responsibility for violation of the law or render the provision inoperative as to a sheriff, since his statutory duties, if complied with, open the door to investigation of his records and afford means by which the power of the courts may be invoked to compel a faithful accounting of the funds he receives as salary and a proper reporting of the expenses incurred in the economic administration of his office."

It, therefore, appears to be well settled in this state that the sheriff may be required by the county, in a proper action for that purpose, to account for all moneys received by him as compensation either for collection of revenues or by way of fees for the performance of duties in his office, in excess of $5,000.00, and fair compensation to a reasonable number of deputies and assistants in good faith employed in his office.   Nor can this responsibility be avoided by the sheriff employing an unnecessary number of deputies and assistants, or by paying or proposing to pay them salaries or fees in excess of a reasonable amount for the services performed or to be performed; nor by charging up to the county items of office expense such as upkeep of official automobile, stamps, post office box rent, stationery, books and the like.   Among the several defenses made by the sheriff and his surety to the action was one denying the right of the county to maintain the action because it is a direct attack upon a valid judgment of the fiscal court

of the county, and because no action was brought to surcharge the settlement of the sheriff which had been approved by the fiscal court at the time quietus was issued to him. Admittedly this is not an action by the county to surcharge the settlement of the sheriff, but one based upon the theory that no settlement by the sheriff has ever been made. The order of the Scott fiscal court of May 25, 1923, made a part of the petition, recites:

"It appearing that this court has not heretofore appointed a person, as provided by section 4146, Kentucky Statutes, to settle the account for F. V. Nunnelley, sheriff of Scott county, covering the years 1918, 1919, 1920 and 1921, and that no settlement was made by F. V. Nunnelley as sheriff for said years, in the manner or according to the procedure provided by said statutes. It is now ordered by the court that R. A. Hamilton be and he is hereby appointed to settle the accounts of F. V. Nunnelley. . . . Thereupon came said R. F. Hamilton and accepted said appointment. Then came F. V. Nunnelley, by his attorney, Judge James Bradley, and stated to the court that he now declined to make any settlement or render any accounting of the accounts or transactions of F. V. Nunnelley as sheriff of Scott county for the years (naming them) . . . on account of the fact that said F. V. Nunnelley claims that his accounts covering said years have heretofore been fully settled with this court and all funds fully accounted for."

In the same order and following the foregoing recital, the fiscal court authorized H. C. Ford, county attorney, "to institute actions in the Scott circuit court for the use and benefit of Scott county against F. V. Nunnelley and the United States Fidelity and Guaranty Company of Baltimore, surety on his official bond as sheriff," for a complete settlement and accounting of all receipts and collections by the sheriff during his four years' term, and this suit resulted.

Appellant, Scott county, insists that no settlement within the meaning of the statutes, sections 4146 and 1884, was made by the sheriff with the county; that the itemized statement of receipts and disbursements filed by the appellee, Nunnelley, with the fiscal court, did not amount to a settlement because not made in the proper manner, nor filed in the county court, as provided by stat-

utes, and because the county attorney was not afforded an opportunity, after examining the settlement, to file exceptions thereto and have such questions as were raised by the exceptions heard and determined by the county court. Section 4146, relating to the settlement of sheriffs, reads:

> "Each sheriff or collector shall, when required by the fiscal court, settle his accounts of county or district taxes, and at the regular October term of each year the fiscal court shall appoint some competent person other than the Commonwealth's or county attorney to settle the accounts of the sheriff or collector of money due the county or district. The report of such settlement shall be filed in the county clerk's office, and be subject to exceptions by the sheriff or collector or county attorney, who shall represent the Commonwealth and the county, and the county court shall try and determine such exceptions. An appeal may be prosecuted by either party from the judgment of the county court on such settlement in the same manner as provided by law for appeals from judgments of the quarterly court, except that the county attorney shall not be required to give an appeal bond, or actions may be instituted in any court of competent jurisdiction to correct the settlement, and the settlement, when approved, shall be recorded in the county clerk's office."

With respect to the same subject, section 1884, Kentucky Statutes, says:

> "And he shall annually settle his accounts with the court of claims or fiscal court as such collector, and may be required to settle oftener, in the discretion of said court, by order entered of record, a copy of which shall be served on the officer; and his settlement shall show the amount of poll tax and also the amount of *ad valorem* tax collected, and an itemized statement of the moneys disbursed, and the same shall be published for at least two weeks in a paper published in the county, etc."

Construing sections 4146 and 1884, Kentucky Statutes, in the case of Shipp v. Bradley, *supra*, we held that there was no conflict between their provisions, and that a settlement made by the sheriff was invalid which did not conform to the requirements of these sections and which

was not filed in the county court, docketed and allowed to lay over for exceptions, and which was not recorded as provided by the section.  Measured by that rule, appellee, Nunnelley, had made no settlement for either of the years involved in this litigation, and the question made by him and his surety as to the right of the county to maintain the action without seeking to surcharge the settlement is unavailing.  It, therefore, follows that the county had the right to institute and maintain this action in the form it sought to do so.

In their answers both the sheriff, Nunnelley, and his surety averred that for each year the sheriff had expended certain sums in connection with the operation of his office, incident thereto, itemizing them in substance about as follows:

| | |
|---|---:|
| "Deputy hire | $4,900.00 |
| Telephone service for office | 120.00 |
| Premiums on official bond | 429.00 |
| Expenses of deputies in making arrests, etc. | 100.00 |
| Post office box rent | 9.00 |
| Advertising | 250.00 |
| Expenses of automobile | 1,100.00 |
| Stamps, stationery and books | 75.00 |
| Expenses of taking up and destroying dogs | 200.00 |
| Incidentals | 500.00" |

These items were all allowed by the fiscal court to the sheriff in his settlement and he received his "quietus" upon that basis.  The circuit court, upon the hearing of this case, allowed all of them with a few minor exceptions, and of this the county complains.

As we have seen, the sheriff is inhibited from receiving more than $5,000.00 per annum as compensation for official services, independent of the compensation of legally authorized deputies and assistants, which shall be fixed as provided for by law.  We have further seen that in the case of Shipp v. Rhodes, *supra,* it was settled that the sheriff had no power to employ more than a reasonable number of deputies, or to pay them more than a reasonable compensation for their services performed and to be performed, even though the General Assembly had failed to fix and provide by law what number of deputies the sheriff might employ or the salary he was authorized to pay.

In the case of Crick v. Rash, 190 Ky. 820, it was held that the fiscal court has only such power and authority as is expressly conferred upon it by law and such other powers by implication as are imperatively necessary in order to carry out the expressly conferred authority. And in Black v. Davenport, 189 Ky. 40, it was decided that the fiscal court, being one of record, can speak only through its records. We have also repeatedly held that the fiscal court has no authority to appropriate money to any purpose except those expressly authorized by law. Allin v. Mercer County, 174 Ky. 566; Ray v. Woodruff, 168 Ky. 563; Mills v. Lantrip, 170 Ky. 81.

Looking now to the statutes authorizing an appropriation of money by the fiscal court, we find in section 1840 the following provision:

> "The fiscal court shall have jurisdiction to appropriate county funds *authorized by law* to be appropriated; to erect and keep in repair necessary buildings; secure a sufficient jail and a comfortable and convenient place for holding court at the county seat; to erect and keep in repair bridges and other structures and superintend the same; to regulate and control the fiscal affairs and property of the county."

Following this provision of the statutes this court has held that the county or a taxpayer, if the county will not sue, may maintain an action against one who has obtained an allowance by the court of a claim which the law did not especially authorize the fiscal court to make and pay, even though the services performed by the recipient were reasonably worth the amount paid. Never has it been held that a fiscal court may appropriate money of the county to the payment of claims which were not directly authorized by statute, or were not necessarily included in the purview of the statute. Of course, "deputy hire" listed in the settlement of the sheriff was proper, provided the sheriff did not employ more deputies than were reasonably necessary and did not contract to pay or pay them more than a fairly reasonable compensation for the services performed. The question of the reasonableness of the number of deputies employed and of the compensation paid them is not before us, because no proper pleading on that question was presented in the lower court; but we apprehend that the question of the reasonableness of the number of deputies and the reasonable-

ness of the compensation paid them might be presented by the county by proper pleading, where a state of facts warranted it, and the court would then be authorized to determine from all the facts before it whether the number of deputies employed by the sheriff and the compensation paid them or contracted to be paid them was greater than the interest of the taxpayers and of the office, required.

The county complains that the telephone bill presented by the sheriff should not have been allowed. We think, however, that the telephone is now in such common and general use and so well recognized as a necessary appurtenant and fixture in and of the office of the sheriff as to be a part of the equipment of a "suitable and convenient office," which it was the duty of the fiscal court to furnish the sheriff, and if the sheriff paid out rentals on the telephone for his office to the amount of $120.00 then that amount, if reasonable, should have been allowed him in his settlement. The telephone is much more a necessity in a public office, it would seem, than is an electric fan; especially is this true of the sheriff's office, for much of the work of apprehending criminals is now done by telephone. With respect to electric fans, we said in the case of Hollis v. Weissinger, County Judge, 142 Ky. 137:

"Electric fans are in common use and recognized as a necessity in public buildings, and in this instance they were indispensably so, because of the unusually uncomfortable and unhealthy conditions referred to and the great number of persons affected thereby. As the clerk's office is a part of the Jefferson county courthouse we know of no provision of the statute that would prevent the fiscal court from furnishing it with heat, light, electric fans or other appliances for the comfort and convenience of the clerk, his office force and others having business therein, as it does the court rooms, halls or other parts of the courthouse. Indeed, the duty imposed upon the fiscal court by the statute to care for and make comfortable and convenient the courthouse, in our opinion conferred upon it authority to place the electric fans in the clerk's office; and the matter being one that addressed itself to the discretion of that court, no reason is perceived for declaring the appropriation for the fans an abuse of such discretion."

We take a different view with respect to the premiums on the sheriff's official bond stated as $429.93. We find no statute authorizing the sheriff to charge the cost of his official bond to the county, nor authority in the fiscal court to allow such claim. It must, therefore, be denied. The item listed at $100.00 "expenses of deputies in making arrests" must, for obvious reasons, also be denied. It is the duty of the sheriff and his deputies to make arrests and in making such arrests they pay their own expenses. There is no authority, so far as we find in the statutes, for allowing expenses in making arrests as such to the deputies.

The item for post office box rent is small, but there is no provision for the payment of such rents found in the statutes, and it must be denied in this case. The sheriff is not required to have a box at the post office. If he has one it is for his own convenience and not that of the public.

Another item listed as "advertising, $250.00," must, for want of definite information upon the subject, be condemned as not coming within the statutes. Just what advertising is meant by the item is unknown to the court. Without additional information the fiscal court should have disallowed the claim.

The item styled "expenses of automobile $1,100.00" is clearly unauthorized, as was held in Hollis v. Weissinger, 142 Ky. 129. Automobiles, of course, are now in common use by sheriffs. So were horses before the automobile was invented, but no court has ever held that the county should buy or maintain either a horse or an automobile for the sheriff.

The next item relates to "stamps, stationery and books, $75.00." No information is given as to the nature of the books or stationery. In the case of Graves County v. Wallace, 144 Ky. 194, it was expressly held by this court that the sheriff was not entitled to an allowance for books used in his office, nor for check and receipt books. Certainly his stationery and stamps were a part of the expenses which he must bear out of his compensation. This item must also be denied.

The item styled "taking up and destroying dogs $200.00" is too indefinite to entitle the claimant to allowance. It may be that the sheriff, in a proper case, is entitled to pay for taking up and destroying sheep killing dogs, but we cannot tell from the pleadings before us

whether "the taking up and destroying dogs," listed in this case, arose in the case of sheep killing dogs.

For each year of his term the sheriff included an item styled "incidentals $500.00." Just what this is intended to cover is not stated, and we know of no authority for the fiscal court allowing the sheriff an item of $500.00 per year for incidentals. If the incidentals were itemized, some part of them might be allowable, but certainly not under the general head of "incidentals."

The defense of estoppel pleaded by both the sheriff and his bondsmen is not available in this case. Mason v. Cook, 187 Ky. 260. The sheriff had not settled his accounts and the surety must have known this. Moreover, the pleading of the surety was defective in that it failed to allege that it knew of the existence of the issual of the "quietus" to the sheriff or that the sheriff had property sufficient to satisfy the claims of the county against him, or knew the value of this property and of the depreciation in his property until after the commencement of this action.

It is also insisted by appellee, sheriff, and his surety that the county has no right to an excess in commission paid by the State to the sheriff for the collection of state revenue, and the lower court so held; but in this the court was in error, for we have expressly held in the cases of Shipp v. Rodes and Shipp v. Bradley, *supra,* that the sheriff is a county official responsible to the county and is not a state official but only the agent of the state for the collection of its revenue; that when the sheriff receives as commissions from the state and county a sum greater than $5,000.00 as compensation the excess belongs to the county and not to the state, for the state has the right and power, as it did by statutes, to agree to pay the sheriff, a county official, any rate of commission for collection of revenue which to it may seem proper and right within the constitutional limitations. But when the total of these commissions is added to the other compensations which the sheriff receives, and the two exceed $5,000.00 and the reasonable compensation to a reasonable number of deputies to the sheriff, the balance as a matter of law passes to and belongs to the county. The county, therefore, had the right to maintain this action to recover the total excess which the sheriff collected as compensation.

For the reasons indicated the judgment is reversed, with directions to enter in lieu thereof a judgment in conformity to this opinion.