# Barkley, County Judge, et al. v. Gatewood.
## Same v. Stockdell.

Jan. 21, 1941.

J. C. McKnight for appellants.

Fred Lisanby for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

G. G. Barkley, County Judge of Scott County, Kentucky, and the other members of the fiscal court, brought this action under the Declaratory Judgment Act against Greenville Stockdell, ex-sheriff of Scott county for the years 1934 to 1937, inclusive, asking for a declaration of rights with respect to the liability of the fiscal court to pay for long-distance telephone calls made by the sheriff over the telephone in his office on official business and for the purpose of the apprehension of criminals.

The defendant filed his answer admitting the allegations of the petition and joining in the prayer thereto for a declaration of rights and set out the amount of telephone calls for each of the four years he was sheriff. In addition thereto, he alleged that during his incumbency as sheriff he purchased for the sheriff's office permanent record books to show the sheriff's collection of state and county taxes, which record books were approved by the auditor of the state for the purposes used, and the cost of the books. He filed therewith an itemized statement of all the telephone calls made as well as the cost of the books totaling the sum of $324.31. He prayed a declaration of the respective rights, duties and liabilities of the parties.

Later, the members of the fiscal court then filed an-

other action of a similar nature against Horace Gatewood, the present sheriff of Scott county, setting up a similar controversy or dispute between the parties and asked for a declaration of rights involving the same subject matter with reference to the liability of the fiscal court to pay for his telephone calls and record books which he purchased for the same purposes set out in the other action.

By agreement of the parties the two actions were consolidated and the court entered judgment in favor of both the sheriff and ex-sheriff, holding that Scott county should pay for the telephone calls made by the sheriffs in the performance of their official duties and also pay for permanent record books purchased by the sheriffs for the purpose indicated. The fiscal court has appealed.

In Commonwealth, for Use, etc., v. Nunnelley et al., 211 Ky. 409, 277 S. W. 506, 509, the same question was presented in respect of liability of the county to pay for telephone service for the sheriff's office. It is pointed out in that opinion that the telephone is now in such common and general use and so well recognized as a necessary appurtenant and fixture in the office of the sheriff as to be a part of the equipment of a "suitable and convenient office," Section 1840, Kentucky Statutes, which it was the duty of the fiscal court to furnish the sheriff, and the "rentals" on the telephone for the sheriff's office, if reasonable, should have been allowed the sheriff in his settlement. Appellants in their brief stress the word "rentals" as appears in the opinion, supra, insisting that it should be construed as allowing the sheriff credit only for the rental or use of the telephone fixtures in his office exclusive of long-distance calls. We do not think that the word "rentals" was used in such narrow and restricted sense, but should be construed to include all telephone service connected with the official duties of the sheriff, particularly in the apprehension of criminals and perhaps any other official matters. We are strengthened in our view by the further language used in the same paragraph in that opinion, viz.:

"The telephone is much more a necessity in a public office, it would seem, than is an electric fan. Especially is this true of the sheriff's office, for much of the work of apprehending criminals is now done by telephone. With respect to electric fans

we said in the case of Hollis v. Weissinger, County Judge, 142 Ky. [129], 137, 134 S. W. 176, 179:

" 'Electric fans are in common use and recognized as a necessity in public buildings, and in this instance they were indispensably so, because of the unusually uncomfortable and unhealthy conditions referred to and the great number of persons affected thereby. * * *,' "

It was held in the Hollis case referred to in the quotation above, that the county should pay for an electric fan for the benefit of the sheriff's office. It certainly must be admitted that the use of the telephone by the sheriff in the apprehension of criminals is more a real necessity and benefit to the public than an electric fan and other fixtures of minor importance which the county court is required to furnish as a part of the equipment of public offices referred to in Section 1840 of our Statutes. We think the Nunnelley case, supra, is conclusive of this question and that the court properly held the fiscal court liable for the payment of appellants' telephone bills in question.

This brings us to the question of payment for the record books for the sheriff's office. The Nunnelley case, supra, also touches upon this question and is relied on by appellants as supporting their contention that the fiscal court should not be required to pay for the record books. We here quote what was said in the Nunnelley case on this item:

"The next item relates to 'stamps, stationery, and books, $75.' No information is given as to the nature of the books or stationery. In the case of Graves County v. Wallace, 144 Ky. 194, 138 S. W. 306, it was expressly held by this court that the sheriff was not entitled to an allowance for books used in his office, nor for check and receipt books. Certainly his stationery and stamps were a part of the expenses which he must bear out of his compensation. This item must also be denied."

It will be noted that "no information" was given in that case as regards the books or stationery. In the present case it is admitted that the books were purchased under authority of Section 4139, Kentucky Statutes, relating to revenue and taxation. This section of

the Statutes makes it the duty of the Auditor of Public Accounts to adopt a form of bookkeeping and furnish the books to the sheriffs "to be paid for as other county records," and all sheriffs and collectors of state and county revenues are required to keep their books and accounts in the manner and form required by the Auditor of Public Accounts, and further provides that the failure of the Auditor of Public Accounts, or the sheriffs, to comply with the statute in that respect may subject them to punishment by a fine as set out in the statute.

In Cain, Treasurer, etc., v. Burroughs Adding Machine Company, 180 Ky. 567, 203 S. W. 315, the principal question involved was whether the fiscal court had authority to purchase for the use of the county clerk an adding machine. The fiscal court contended that there was no authority of law for the purchase of the adding machine by the fiscal court. In answer to this contention and holding the fiscal court liable for the cost of the adding machine, the court said:

"It is true the fiscal court is a court of limited jurisdiction, and therefore without power to appropriate county funds except as authorized by law. Jefferson County v. Young, 120 Ky. 456, 86 S. W. 985, 27 Ky. Law Rep. 849; Hollis et al. v. Weissinger, County Judge, 142 Ky. 129, 134 S. W. 176. It is likewise true that state and county governments never become debtors by implication; in order to show that the state or county is responsible to a claim for demand the claimant must show a legal obligation on the part of the state or county to pay it. Allin v. Mercer County, 174 Ky. 566, 192, S. W. 638. We think the authority to purchase an adding machine like that here in controversy is conferred upon the fiscal court by Kentucky Statutes, Section 1840. In Simons v. Gregory, etc., 120 Ky. [116], 123, 85 S. W. 751, 27 Ky. Law Rep. 509, we held that the fiscal court of Jefferson county was authorized to make an appropriation to provide an elevator for the courthouse, as elevators were in common use in Louisville for access to the several stories of a building like that of the Jefferson county courthouse and were necessary for that purpose. In Hollis v. Weissinger, supra, it was held that electric fans could be purchased by the fiscal court for the

use of the county clerk's office, because such fans are in common use and recognized as a necessity in such public buildings, and in the clerk's office in question are indispensably so because of the unsanitary conditions obtaining therein. It is further true that adding machines are not expressly mentioned in Kentucky Statutes, Section 1840; but neither are elevators, electric fans, and other things indispensably necessary to the proper conduct of the business of the court, such as typewriters, pens, pencils, ink, paper, and books, authority to purchase which by the fiscal courts has [never] been doubted. The adding machine not only facilitates the work required of county officers such as clerks of the courts, sheriff, etc., but its accuracy is such as to prevent errors in the computation of figures. Indeed, it may well be said that an adding machine has become a practical necessity in the proper conduct of the business of a court controlling the fiscal affairs of a county.''

We think the present case is much stronger in favor of appellees than the case, supra, since the statute does not mention adding machines or require them to be furnished the sheriff, but in the present case, tax record books are specifically mentioned and required to be furnished the sheriff by the auditor and used by the sheriff for the purpose of keeping permanent records of state and county revenues.

Appellants further rely strongly upon the case of Graves County v. Wallace, Sheriff, 144 Ky. 194, 138 S. W. 306, where a similar question was involved. It may be conceded that that opinion standing alone tends to sustain appellant's contention. It may be worthy of note that that opinion makes no reference to either Section 1840 or 4139 of the Kentucky Statutes. It merely concludes that since there is no express authority found in the statute authorizing the county to pay for such records, it is not liable therefor. It is pointed out in the Cain case, supra, that the county government never becomes indebted by implication, but it was held that Section 1840, Kentucky Statutes, under its broad terms, was legal authority for the county to pay for the adding machine. It was likewise held in Hollis v. Weissinger, supra, with respect to the liability of the county to pay for electric fans for public offices. It will be noticed

that the adding machine case, supra, was rendered seven years subsequent to the opinion in the Graves County case, and by implication overrules the former opinion to the extent that it holds the county is not liable for the cost of tax books and other permanent records required by law to be kept by the sheriff.

For reasons stated, the judgment is affirmed.

Whole court sitting, except Judge Perry.