**Hank NOLAN, d/b/a Manchester Enterprise, Appellant,**

v.

**Charles H. WHITE, County Judge, and Members of Fiscal Court, Appellees.**

Court of Appeals of Kentucky.

Feb. 10, 1967.

T. T. Burchell, Manchester, for appellant.

Charles C. Smith, Manchester, for appellees.

CULLEN, Commissioner.

Frank Nolan, owner of a plant which published a newspaper and did job printing, brought this action against the fiscal court of Clay County seeking to recover the cost of certain newspaper advertisements, and the price of certain printing work and office supplies, ordered by the then current sheriff, his predecessor in office, and various other *fee* officers of the county. The complaint asked for a total recovery of $3,594.95. However, there was a mathematical error in adding the items set forth in one of the detailed accounts attached to the complaint, and another of the detailed accounts showed on its face that two items totalling $150 had been paid, so the true amount sought to be recovered was only $2,429.95. The circuit court allowed a recovery of $742.54. Nolan has appealed, claiming that he should have been awarded the full amount he sued for.

By stipulation Nolan in effect conceded that on two items, totalling $1,575.50, the only amount he was entitled to recover was $253.65. Subtracting the difference in these two sums—$1,321.85—from the original true amount of $2,429.95 sought to be recovered, and crediting against the remainder the sum of $742.54 for which the court gave recovery, there is left as the real amount in controversy only $265.56. It is true that in an amended complaint Nolan sought *punitive* damages of $5,000, so probably the amount technically in controversy is enough to entitle him to an appeal as a matter of right. However, the punitive damage claim was utterly frivolous—being based on the proposition that the fiscal court had ceased to buy goods and services from Nolan because he had brought this suit against the court—and it does not merit review.

The whole philosophy of the fee system for county officers is that except for such few items as are specifically authorized by law to be paid out of the county treasury, the expenses of the office shall be paid solely out of fees. See Funk v. Milliken, Ky., 317 S.W.2d 499; Commonwealth v. Nunnelley, 211 Ky. 409, 277 S.W. 506; Barkley v. Gatewood, 285 Ky. 179, 147 S.W.2d 373. In the latter of the cited cases, the county was held liable for telephone expense of the sheriff because a

statute required the county to furnish the sheriff an office, and was held liable for tax record books because a statute said such books should be paid for by the county.

Here, the principal items in controversy are the cost of letterheads, envelopes, etc., for miscellaneous use of the sheriff, and the cost of advertisements and notices from the sheriff to taxpayers urging them to pay their taxes early and receive the discount for early payment. There is no statutory requirement that such urging be done and there is no statutory requirement for payment of any of these particular items by the county. Even if it were to be considered that the fiscal court in its *discretion* could contract to pay for such things, certainly a sheriff or other fee officer on his own would have no authority to commit the county to an obligation of payment. See Bath County v. United Disinfectant Co., 248 Ky. 111, 58 S.W.2d 239.

The judgment is affirmed.

All concur.