**CONCERNED CITIZENS FOR PIKE COUNTY, Appellant,**

v.

**COUNTY OF PIKE, by and through its Fiscal Court, Donna DAMRON, Judge Presiding, Appellee.**

No. 1997–CA–002203–MR.

Court of Appeals of Kentucky.

Dec. 11, 1998.

Eric C. Conn, Stanville, for Appellant.

Reed D. Anderson, Pikeville, for Appellee.

Before: BUCKINGHAM, DYCHE, and GARDNER, Judges.

BUCKINGHAM, Judge.

Concerned Citizens for Pike County, Inc., (Concerned Citizens), appeals from a judgment of the Pike Circuit Court dismissing its complaint against the Pike County Fiscal Court (the fiscal court). Finding no error, we affirm.

In November 1996, the fiscal court voted unanimously to appropriate and expend approximately $116,000 in Pike County funds to purchase vehicles to be used by Pike County magistrates. Shortly thereafter, Concerned Citizens filed a complaint in the Pike Circuit Court alleging that the fiscal court acted "illegally, arbitrarily, and without any basis in law or fact" in authorizing the purchase of the vehicles for the magistrates. Concerned Citizens requested a temporary restraining order as well as temporary and permanent injunctions prohibiting the fiscal court from purchasing the vehicles. The trial court entered an order finding that the purchase of the vehicles was proper under Kentucky Revised Statute (KRS) 67.080 and KRS 67.083 and denying relief to Concerned Citizens and dismissing its complaint. This appeal followed.

In support of its argument that the purchase of the vehicles for·use by the magis-

trates was improper, Concerned Citizens cites *Hollis v. Weissinger*, 142 Ky. 129, 134 S.W. 176 (1911), in which the court held that a fiscal court had no authority under the statutes in place at that time to purchase an automobile for the use of its members in inspecting county roads. *Id.* at 142 Ky. 133, 134 S.W. 176. Concerned Citizens admits that the statutes under which *Hollis* was decided are no longer in effect, but it contends that *Hollis's* reasoning is still applicable and suggests that the purchase was improper under current statutes regarding the powers of a fiscal court. We disagree.

KRS 67.080, our current statute regarding the powers of a fiscal court, provides in pertinent part:

(1) The fiscal court may:

  (a) Appropriate county funds ... for lawful purposes;

  . . . .

  (g) Investigate all activities of the county government.

KRS 67.083, regarding "[a]dditional powers of fiscal courts," states in relevant part:

(1) It is the purpose of this section to provide counties as units of general purpose local government with the necessary latitude and flexibility to provide and finance various governmental services within those functional areas specified in subsection (3) of this section, while the General Assembly retains full authority to prescribe and limit by statute local governmental activities when it deems such action necessary.

. . . .

(3) The fiscal court shall have the power to carry out governmental functions necessary for the operation of the county. Except as otherwise provided by statute or the Kentucky Constitution, the fiscal court of any county may ... appropriate funds ... in performance of the following public functions:

  . . .

  [Listing such public functions as animal control, provision of parks and other recreational facilities, public sanitation, planning and zoning, etc.]

  . . . .

(5) A county acting under authority of this section may assume, own, possess and control assets, rights and liabilities related to the functions and services of the county.

KRS 67.083, often referred to (perhaps improperly) as the "home rule statute," has been liberally construed to provide fiscal courts with broad powers related to governmental functions so long as the power at issue has not been specifically restricted by other legislation. *See e.g. Phipps v. Commonwealth,* Ky.App., 933 S.W.2d 825, 827 (1996) (holding that a county could contract with a private corporation to provide and maintain a jail since there was no express or implied limitation on its power to provide and maintain a jail elsewhere in the statutes); *Casey County Fiscal Court v. Burke,* Ky., 743 S.W.2d 26, 28 (1988) (finding that Casey County had the power to impose an occupational tax in the absence of a statutory prohibition against doing so, despite the fact that only larger counties were expressly permitted by statute to impose such a tax).

We conclude that the Pike County Fiscal Court had the authority under the aforementioned statutes to appropriate and expend Pike County funds to purchase vehicles to be used by the magistrates in performing their official duties, as we are unaware of any statutory authority prohibiting such an action.

The judgment of the Pike Circuit Court is affirmed.

All concur.