| 2bu555 |
| 107 394 |

CASE 7—PETITION ORDINARY—OCTOBER 2.

# Rankin vs. Turney.

### APPEAL FROM BOURBON CIRCUIT COURT.

1. In an action for the recovery of usurious interest paid about two years before the commencement of the suit, it was erroneous to sustain a demurrer to the petition on the ground that it showed that more than one year had elapsed from the time the cause of action accrued.

2. When time operates as a peremptory and not merely as a presumptive bar—as a statutory limitation and not as evidence that there is no enforceable cause of action—a general rule of pleading treats it as waived, unless pleaded as a statutory bar.

3. A demurrer to a petition upon the ground that it discloses a bar to the action by lapse of time or statute of limitations, cannot be sustained, unless the petition shows not only a sufficient lapse of time, but the non-existence of any ground of avoidance.

A. H. WARD,      For Appellant.

ALEXANDER TURNEY,      For Appellee,

CITED—

4 *Littell*, 35 ; *Blair vs. Williams.*

4 *Cranch*, 396.

4 *Wheaton*, 245.

1 *Duvall*, 48 ; *Ellis vs. Brannin's ex'r.*

*Civil Code, sec.* 120.

2 *Met.*, 146 ; *Chiles vs. Crake.*

4 *Yerger* (94 *Tenn.*) ; *Dunlap vs. Gibbs.*

*Harrington's Ch. R.* (*Mich.*, 279) ; *McLean vs. Barton.*

3 *Texas R.*, 192 ; *McClenney vs. McClenney.*

3 *Texas R.*, 93 ; *Swenson vs. Walker.*

8 *Georgia R.*, 236 ; *Worthing vs. Johnson.*

1 *Cushman* (*Miss.*, 213) ; *Ingraham vs. Regan.*

Rankin vs. Turney.

7 *Cranch* ( *Va.*, 202); *Wilson vs. Koontz.*

3 *Gill & Johnson* ( *Md.*, 491); *Carroll vs. Warring.*

7 *Eng. Law and Equity R.*, 141; *Sneed vs. Sneed.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In this action for the recovery of one thousand five hundred and twenty-nine dollars and sixty-seven cents, usurious interest paid about two years before the commencement of the suit, the circuit court sustained a demurrer to the petition on the ground that it showed that more than one year had elapsed from the time the cause of action accrued, and that therefore the statute of limitations barred the action.

That judgment was erroneous.

When time operates as a peremptory and not merely as a presumptive bar—as a statutory limitation and not as evidence that there is no enforceable cause of action—a general rule of pleading treats it as waived, unless pleaded as a statutory bar, because, when not pleaded, the defendant chooses not to put it in issue for litigation, and would therefore surprise the plaintiff and frustrate the end of all pleading by proof without plea. If pleaded, the plaintiff might avoid it by showing some saving or suspending disability, which he might not be prepared to do without notice that it would be relied on.

And, consequently, the only exception from the general rule is, when the petition shows not only a sufficient lapse of time, but the non-existence of any ground of avoidance, which a plaintiff is not apt ever to do, and which was not done in this case.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings.