Board vs. Jolly.

CASE 13—PETITION ORDINARY—APRIL 22.

# Board vs. Jolly.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1. The petition, and merchant's account filed with it, showed that the action was apparently barred by the statute of limitations. The petition failing to show the non-existence of any ground of avoidance, the circuit court erred by dismissing the petition on demurrer.

2. The statute of limitations, being regarded as a matter of strict defense, must, if relied upon, be pleaded by the defendant in all actions, unless the petition shows that the action is barred by time, and that the defendant is not within any of the exceptions, mentioned in the statute, when any exceptions are contained in the statute, which prescribes the limitation. (*Chiles vs. Drake*, 2 *Met.*, 146; *Rankin vs. Turney*, 2 *Bush*, 555.)

Wm. L. Conklin,                    For Appellant,

CITED—

    2 *Bush*, 555 ; *Rankin vs. Turney*.

Jesse W. Kincheloe,                  For Appellee,

CITED—

    2 *Met.*, 146 ; *Chiles vs. Drake*.

    *Civil Code*, secs. 118, 145.

    15 *B. Mon.*, 446 ; 5 *Littell*, 281 ; 11 *B. Mon.*, 195.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

In this action, which mainly sought a recovery on a merchant's account, the circuit court seems to have sustained a demurrer to the petition, and dismissed the action on the ground that the petition and account exhibited showed that the action was apparently barred by limitation. The judgment cannot be sustained.

Board vs. Jolly.

It does not appear from the petition that if the statute had been pleaded the plaintiff might not have avoided it by showing some saving or suspending disability.

It was said by this court in *Chiles vs. Drake* (2 *Met.*, 146), that "the statute of limitations, being regarded as a matter of strict defense, must, if relied upon, be pleaded by the defendant in all actions, unless the petition shows that the action is barred by time, and that the defendant is not within any of the exceptions mentioned in the statute, when any exceptions are contained in the statute which prescribes the limitation."

And in *Rankin vs. Turney* (2 *Bush*, 555), this court, after stating the rule substantially as it is in *Chiles vs. Drake, supra,* said that "the only exception from the general rule is, when the petition shows not only a sufficient lapse of time, but the non-existence of any ground of avoidance, which the plaintiff is not apt ever to do, and which was not done in this case."

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.