## W. B. Hosick *v.* Elizabeth Trabue.

**Limitations—Statute of Limitations a Defense—Pleading.**

> The statute of limitations is a matter of defense and if relied upon must be pleaded by the defendant, and unless the petition shows on its face not only that the action is barred by him but that the defendant is not within any of the exceptions mentioned in the statute, a demurrer will not be sustained to it.

**APPEAL FROM LIVINGSTON CIRCUIT COURT.**

**November 28, 1876.**

Opinion by Judge Elliott:

The deed, the execution of which it is alleged was procured by the fraud of appellee, was executed and delivered in 1864, and this suit was not brought till 1875; and as more than ten years have elapsed since the deed was executed, and as this appears on the face of ap-

pellant's petition, it is contended that the petition did not show a subsisting cause of action; and it was the duty of the court to sustain a demurrer thereto, which was done and the action dismissed. In the case of *Board v. Jolly,* 5 Bush 86, this court held that the statute of limitations is a matter of strict defense, and must, if relied on, be pleaded by the defendant in all actions, unless the petition shows that the action is not only barred by time, but that the defendant is not within any of the exceptions mentioned in the statute, when any exceptions are contained in the statute which prescribes the limitation. See also, *Chiles v. Drake,* 2 Met. 146; *Rankin v. Turney,* 2 Bush 555.

It is true, as appellee contends, that the chancellors of England sustained demurrers when the complainant by his own bill shows that he had been guilty of great laches in bringing his suit, or when it was an old stale claim that a court of equity, on complainant's own showing, would not enforce; but this was not enforcing any statute of limitations; it was a refusal to investigate the merits of an old stale demand.

The defense in this suit as indicated by appellee is that no suit was brought to set aside the deed for fraud within ten years of its execution and delivery to appellee, H. A. Trabue, which is purely a statute of limitations of the legislature of our own state. Mr. Chitty in his work on pleadings says that the statute of limitations is a matter of defense, which must always be pleaded; and when the party sued does not rely on it, it is the duty of the court to render judgment against him.

But so far as this state is concerned, the law has long since been settled by adjudications that the defense of the statute of limitations must be made by plea or answer, and not by demurrer. Wherefore the judgment is *reversed* and cause remanded with directions to overrule the appellee's demurrer, and for further proceedings consistent herewith.

*Bush & Hendrick, for appellant.*
*I. H. Trabue, Hord & Trabue, for appellee.*