CASE 46.—ACTION BY THE COUNTY ATTORNEY OF JEF-
FERSON COUNTY IN THE NAME OF THE COUNTY
AGAINST ARTHUR PETER AND OTHERS, MEM-
BERS OF THE FISCAL COURT, TO ENJOIN THEM
FROM APPROPRIATING COUNTY FUNDS TO
SECURE A POLITICAL CONVENTION IN ThE
CITY OF LOUISVILLE.—December 6.

# Jefferson County v. Peter, &c.

Appeal from Jefferson Circuit Court.

Chancery Branch (1 Div.) SHACKELFORD MILLER,
Judge.

From a judgment dismissing the petition plaintiff
appeals—Reversed.

Counties—Fiscal Courts—Appropriations.—The fiscal court has no
power to make appropriations out of county funds for any
purpose, except as provided by Act March 21, 1906 (Acts
1906, p. 342, ch. 73), amending Ky. Stats., 1903, section 1840,
and hence can not appropriate such funds to secure a conven-
tion to be held in the county; that object not being within
the statutory authority to advertise the resources of the
county.

JOSEPH SELLIGMAN, Attorney for appellant.

1. The appropriation is not for a public purpose. Section 171
of the Constitution provides: Taxes shall be levied and collected
for public purposes only.

2. The purpose, even though public, is not within the meaning
of said act of March 21, 1906, and is therefore not a purpose for
which fiscal courts are authorized to expend money.

3. The resolution proposes to expend money through other
than a public agency in violation of section 179 of the Constitu-
tion.

4. Jefferson county has not sufficient funds on hand or in

process or prospect of collection out of which to pay the appropriation and its allowance will cause the county to become indebted. to an amount exceeding the income and revenue for the year for which the appropriation is made, in violation of section 157 of the Constitution.

## AUTHORITIES CITED.

Barbour, Sheriff, etc., v. Louisville Board of Trade, 82 Ky., 845; Comth. v. Makibben, etc., 90 Ky., 384; City of Newport v. Comth., 106 Ky., 434; Cooley on Taxation (3d Ed.), vol. 1, p. 187, et seq; Norman, Auditor, v. Ky. Board, etc., 93 Ky., 537; Hager, Auditor, v. Ky. Children's Home, 119 Ky., 235; House of Refuge v. Lexington, 112 Ky., 171; Hager, Auditor, v. Ky. Live St. Assn., 120 Ky., 125; Acts 1891-2-3, chs. 132-158; Constitution, sections 171, 177, 179, 157.

HARDIN H. HERR for appellee.

## POINTS AND AUTHORITIES.

1. This case involves the construction of the act of the General Assembly of March 21, 1906, Acts of 1906, ch. 73 p. 342. Under that act, a fiscal court can appropriate money to aid in securing a National Democratic convention in its county seat. (Norman v. Ky. Board of Managers, 93 Ky. 537; Acts 1904, p. 1; Daggett v. Colgan, 92 Cal., 53.)

2. Contemporaneous construction is entitled to great weight. (Collins v. Henderson, 2 Bush, 92; Aetna Ins. Co. v. Coulter, 115 Ky., 792.)

3. Other like appropriations have been upheld. (Ky. Live Stock Breeders' Association v. Hager, 120 Ky., 125.)

4. A county stands upon the same footing as the State in such appropriations when the State authorizes the appropriation to be made by the county. (Lewis Sutherland on Statutory Construction, section 647; 2 Cyc., 512; Shelby County v. Tenn. Expo., 96 Tenn., 635, s. c. 33 L. R. A., 717; Douglas v. Connell, 53 Neb., 556; Lund v. Chippewa Co., 93 Wis., 640; Minneapolis v. Janie, 86 Minn., 114; Hager, Auditor, v. Ky. Childrens' Home Society, 119 Ky., 235; House of Reform v. Lexington, 112 Ky., 171; Troutman v. Hays, 101 S. W., 976; Overall v. Madisonville, 102 S. W., 278.)

5. An appropriation pro tanto is valid. (Whaley v. Comth., 110 Ky., 154; Field v. Stroube, 103 Ky., 114; Wathen v Young, 103 Ky., 36; City of Providence v. Providence Lighting Company, 91

Jefferson County v. Peter, &c.

S. W., 664, s. c. 28 Ky. Law Rep., 1015; Russ v. Comth., 210 Pa., 544; Orphan Society of Lexington v. Fayette County, 6 Bush 413.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The fiscal court of Jefferson county on November 18, 1907, made the following order: "Whereas, the citizens of Louisville are making an effort to secure the National Democratic Convention to be held in the city of Louisville during the year 1908; and whereas, it will require the expenditure of a large sum of money to secure said convention; and whereas, it is believed that if said convention is secured for the city it will advertise and develop the resources of Jefferson county: Now, therefore, be it resolved that there be appropriated out of the county levy fund the sum of ten thousand ($10,000.00) dollars; said sum to be paid to L. C. Murray, treasurer of the Citizens' Committee, to secure the Democratic National Convention for Louisville for 1908. The said sum is not to be paid until the governing authorities decide to hold said convention in the city of Louisville." Thereupon this suit was brought by the county attorney, in the name of Jefferson county, against the members of the fiscal court, to enjoin them from carrying out the order. The circuit court dismissed the petition, and the county appeals.

The only question we deem it necessary to consider is whether the fiscal court has authority to make an appropriation of the county funds for the purpose indicated. The fiscal court is a tribunal of limited powers, and has no jurisdiction to appropriate county funds, except as it is authorized by law to do so. Morgantown Deposit Bank v. Johnson, 108 Ky. 507, 22 Ky. Law Rep. 210; 56 S. W. 825; Jefferson County v.

Young, 120 Ky. 456, 30 Ky. Law Rep. 1209, 86 S. W. 985; Mitchell v. Henry County, 100 S. W. 220, 30 Ky. Law Rep. 1051. The powers of the fiscal court, as defined by the act of March 21, 1906, amending section 1840, Ky. St. 1903, are as follows: "The fiscal court shall have jurisdiction to appropriate county funds authorized by law to be appropriated; to erect and keep in repair necessary public buildings, secure a sufficient jail and a comfortable and convenient place for holding court at the county seat; to erect and keep in repair bridges and other structures and superintend the same; to regulate and control the fiscal affairs and property of the county; to make provisions for the maintenance of the poor and provide a poorhouse and farm and provide for the care, treatment and maintenance of the sick, poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so, and provide for the good condition of the highways in the county, and to appropriate county funds to make provision to secure immigration into the county, and to advertise the resources of the county, and to appropriate county funds for the benefit of colleges and for infirmaries for the sick located in the county, and to execute all of its orders consistent with the law and within its jurisdiction, and shall have jurisdiction of all such other matters relating to the levying of taxes as is by any special act now conferred on the county court of levy and claims." Acts 1906, p. 342, c. 73.

It is insisted for the fiscal court that it has authority to make an appropriation to secure the National Democratic Convention in Louisville by reason of the power given it in the act "to appropriate county funds, to make provision to secure immigration into the county, and to advertise the resources of the

county.'' It is said that the bringing of a large crowd to Louisville to the Democratic Convention would advertise the resources of the county. We cannot concur in this construction of the statute. If the fiscal court may make an appropriation to secure the holding of a political convention of one political party in the county, it may make appropriations to secure the holding of the convention of other political parties, or of church conventions, educational meetings, and any other gathering that would bring people to the community temporarily. If money may be appropriated by the fiscal court for such purposes, it cannot be confined to national conventions, but must include district or State conventions as well. Camp meetings will draw sometimes a great many people to the community, and so will one of the large shows that travel about the country. If the fiscal court, under the power to advertise the resources of the county, may make an appropriation to secure the holding of such things in the county, then it is hard to say what the fiscal court may not do under the provision of this act. The object in holding a national convention is to nominate a candidate for President and Vice President of the United States and to make a party platform. The persons who come to such a convention come for political purposes as a rule, not to examine the resources of the county in which the convention is held. The meaning of the act is not that the fiscal court may appropriate the county funds to make provision for anything which will indirectly or remotely secure immigration into the county and advertise the resources of the county to some extent. Its meaning is that the fiscal court may appropriate the funds of the county to make provision for those things which directly and proxi-

mately advertise the resources of the county or help to secure immigration into it. The fiscal court may print and circulate advertisements of the resources of the county to secure immigration into it. It may send out agents for this purpose, or make appropriations to exhibitions of the resources of the county, or do other like things, the primary and direct purposes of which is to secure immigration into the county or advertise its resources. The resources of the county include its land, timber, coal, crops, improvements, railways, factories, and everything that goes to make up its wealth or to render it desirable. All these the fiscal court has power to advertise; but the means must be germane to the end. The advertisement must be its primary purpose. Things done for other purposes cannot be sustained under this power because they may indirectly or incidentally advertise the resources of the county.

In view of the history of the State, the legislative purpose in the act is not difficult to be seen. There has been little immigration into Kentucky. Her resources have not been heralded to prospective immigrants. The tide of immigration has poured to the West without reaching us. The purpose of the Legislature was to enable the fiscal courts to advertise the resources of their counties and thus attract immigration. Things that are germane to this end the fiscal court may do; but they must be naturally and directly germane to the end, not indirectly or remotely. A manufactory or a mine might attract immigration to a county; but it could not be maintained that the fiscal court may appropriate the funds of the county to secure the location of a factory, or the opening of a silver or lead mine, on the idea that it would secure immigration into the county or bring

it into public notice. Taxes may be levied only for public purposes. They cannot be levied for private purposes, although these may incidentally and indirectly benefit the public. The use itself must be public. Laws authorizing the appropriation of public funds will not be extended by construction beyond the natural and fair meaning of the words used. The powers of the fiscal court are derived entirely from the statute. Previous to the act of 1906, its powers were confined to providing for the public buildings, public highways, the poor of the county, and other like matters. It has been a legislative policy from the foundation of the Commonwealth to define the powers of these tribunals. The act of 1906 is to be read in the light of this legislative policy. It is a grant of power for certain purposes. Power not granted is withheld; and to bring any appropriation within this clause of the act it must be for something which is primarily, in and of itself a provision to secure immigration into the county or to advertise the resources of the county. In 2 Smith on Municipal Corporations, section 1456, the rule is thus stated: "Since the power to tax is a delegated authority, it is always assumed that the State has given all it intended to be exercised, and the grant must be strictly pursued. The current of authority is strongly against the doctrine of implied powers of municipal taxation, and statutes, increasing the burdens of taxation must be strictly construed." We therefore conclude that the fiscal court was without authority to make the appropriation in question and the circuit court erred in sustaining the defendant's demurrer to it.

Judgment reversed, and cause remanded for further proceedings consistent herewith.