## Cain, Treasurer, etc. v. Burroughs Adding Machine Company.

### (Decided May 14, 1918.)

### Appeal from Lawrence Circuit Court.

1. Counties—Purchase by Fiscal Court of Adding Machine—Statute.— Authority to purchase an adding machine is conferred upon the fiscal court by section 1840, Kentucky Statutes.

2 Counties—Purchase by Fiscal Court of Adding Machine.—An adding machine not only facilitates the work required of county officers, such as clerks of the courts, sheriffs, etc., but its accuracy is such as to prevent errors in the computation of figures.

3. Counties—Purchase of Adding Machine—Action for Mandamus.— In an action for a writ of mandamus to compel the county treas-

urer to pay an adding machine company a county warrant issued for the payment of an adding machine, it was error to sustain the machine company's demurrer to appellant's answer which denied the purchase, delivery or acceptance of the machine. The issues of fact made by the denial cast upon the company the burden of showing the sale and delivery of the machine to the fiscal court.

C. F. SEE, JR., for appellant.

R. A. McDOWELL and S. S. WILLIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Reversing.

In this action instituted in the Lawrence circuit court the appellee, Burroughs Adding Machine Company, sought a writ of mandamus to compel the appellant, W. T. Cain, treasurer of Lawrence county, to pay it a county warrant of $225.00 claimed to have been issued to it by virtue of an order of allowance made by the Lawrence fiscal court, for a Burroughs adding machine No. 262792 alleged to have been sold by it to the fiscal court and delivered to the county court clerk. The appellant treasurer resisted the right of appellee to the payment of the warrant, by answer denying the purchase by the fiscal court or county judge of the adding machine or the authority of either to make such purchase; also denying the delivery of the machine to the fiscal court or clerk of the county court or its acceptance by the fiscal court or clerk, or that the fiscal court or clerk has it in possession or control. The order of the fiscal court whereby it is claimed $225.00 was allowed appellee for the adding machine, which was filed with the petition, is in words as follows:

"Lawrence Fiscal Court, Regular Term 7th day of April, 1915. ·

"It is ordered that the Burroughs Adding Machine Company be, and they are hereby allowed the sum of $225.00 for one adding machine, payable out of the common fund for the year 1915, and that the county judge, J. B. Clayton, be authorized to make such purchase at the above price."

The warrant alleged to have been issued to appellee under the above order is in words and figures as follows:

"$225.00 Lawrence Fiscal Court April Term 1915,

"It is ordered, that Burroughs Adding Machine Company be allowed the sum of two hundred and twenty-five dollars and .......... cents, ($225.00) for Burroughs Adding Machine No. 262792 payable by the county treasurer out of the common fund for the year 1915.

"Attest M. A. Hay, Clerk, L. F. C.

"................................. Deputy Clerk.

"Not over two hundred forty ($240)."

There appears on this warrant the following endorsement signed by J. P. Gartin, appellant's predecessor as treasurer of Lawrence county:

"This claim bears interest at the rate of 6 per cent. from this date, 4-7, 1915.   J.   P.   Gartin   treasurer Lawrence county."

In the second paragraph of the answer it was alleged, in substance, that appellee never sold or offered to sell to, J. B. Clayton, county judge of Lawrence county, the adding machine in question and that the order was wrongfully made or caused to be made by appellee's agent without the knowledge or assent of the fiscal court; that the adding machine, though in the courthouse at the time of the  institution of the action, was subject to removal by appellee and had never been in the possession or control of the fiscal court.

Appellee filed a general demurrer  to  the  answer, which the circuit court sustained, and, as appellant refused to plead further, judgment was entered awarding appellee the mandamus directing appellant, as treasurer of the county, to pay it the amount of the warrant with interest, as claimed by the latter.  From that judgment appellant has entered in this court his motion for an appeal.

The first question presented for decision by the appeal is, whether the fiscal court had authority to purchase for its use or that of the county clerk an adding machine.  We think this question must be given an affirmative answer.  It is true the fiscal court is a court of limited jurisdiction and, therefore, without power to appropriate county funds except as authorized by law.   Jefferson County v. Young, 120 Ky. 456; Hollis, et al. v. Weissenger, County Judge, 142 Ky. 129.  It is likewise true that state and county governments never become debtors by implication; in order to show that the state or county is responsible for a claim or demand the claimant must show a legal obligation on the part

of the state or county to pay it. Allen v. Mercer County, 174 Ky. 566. We think the authority to purchase an adding machine like that here in controversy is conferred upon the fiscal court by Kentucky Statutes, section 1840. In Simons v. Gregory, etc., 120 Ky. 123, we held that the fiscal court of Jefferson county was authorized to make an appropriation to provide an elevator for the courthouse, as elevators were in common use in Louisville for access to the several stories of a building like that of the Jefferson county courthouse and were necessary for that purpose. In Hollis v. Weissenger, *supra,* it was held that electric fans could be purchased by the fiscal court for the use of the county clerk's office, because such fans are in common use and recognized as a necessity in such public buildings, and in the clerk's office in question were indispensably so because of the unsanitary conditions obtaining therein. It is further true that adding machines are not expressly mentioned in Kentucky Statutes, section 1840; but neither are elevators, electric fans and other things indispensably necessary to the proper conduct of the business of the court, such as typewriters, pens, pencils, ink, paper and books, authority to purchase which by the fiscal courts has never been doubted. The adding machine not only facilitates the work required of county officers such as clerks of the courts, sheriff, etc., but its accuracy is such as to prevent errors in the computation of figures. Indeed, it may well be said that an adding machine has become a practical necessity in the proper conduct of the business of a court controlling the fiscal affairs of a county.

If appellee actually sold the fiscal court of Lawrence county the adding machine in question, mandamus to compel the payment by the county treasurer of the amount contained in the warrant was the remedy to which appellee was entitled to resort. A county treasurer is purely a ministerial officer, his duties being in large measure defined by Kentucky Statutes, section 931. He is the custodian of the funds belonging to the county and must pay them out under the orders of the fiscal court. Mandamus may be used and is the appropriate remedy to compel a recalcitrant officer to perform a merely ministerial duty which the law requires at his hands. 11 Cyc. 1144; Harrison v. Logan County, 129 Ky. 48; Houston v. Boltz, 199 Ky. 640; Marshall v.

Herndon, 161 Ky. 232; Traynor v. Beckham, Governor, 116 Ky. 13; McCreary, Governor v. Speer, 156 Ky. 153; Jarvis v. Stanley, 176 Ky. 630.

Notwithstanding the conclusions so far expressed, we are constrained to hold that the ruling of the circuit court in sustaining appellee's demurrer to appellant's answer was error. The order of the fiscal court relied on as authorizing the issuance to appellee of the warrant appellant refused, as treasurer, to pay, does, it is true, appropriate $225.00 which it declares is to be paid appellee for an adding machine; but it further shows that the machine had not then been purchased, for it authorized the county judge "to make such purchase at the above price." In other words, the order merely appropriated in advance the amount necessary to purchase the machine, but wholly fails to show its purchase. Indeed, it as clearly shows that the purchase was thereafter to be made, as that the appropriation for that purpose was made. It does not appear from the language of this order or from that of a subsequent order that the county judge in fact purchased of appellee the machine for which the appropriation of $225.00 was made. It is alleged in the petition that such purchase was made; but this allegation is expressly denied by the appellant's answer, as are the further allegations of the petition that there was a delivery to the fiscal court or county clerk of the machine.

The admission of the answer that the adding machine was at the time of the institution of the appellee's action in the Lawrence county courthouse subject to appellee's order or right to remove it, in view of the denials of the answer referred to, was not an admission that the machine had been purchased by the county judge as authorized by the fiscal court's order of allowance, or that the machine had been used by the fiscal court or county clerk. It is also to be remarked that the answer alleges, in substance, that the issuance and delivery to appellee of the warrant upon the treasurer for the price of the machine was wrongful or unauthorized, as was the act of the former treasurer, appellant's predecessor in office, in endorsing upon the warrant the statement that it was to bear interest from the date in such endorsement indicated. In brief, the issues of fact made, as stated, by the denials and averments of the answer threw upon the appellee the bur-

den of showing by the introduction of evidence the sale and delivery to the fiscal court of the adding machine in question; therefore, instead of being sustained, the demurrer to the answer should have been overruled.

For the reasons indicated the appeal prayed is granted; judgment reversed and the cause remanded with direction to the lower court to overrule the demurrer to the answer, and permit the parties to proceed to trial upon the issues of fact made by the pleadings.