## Jefferson County Fiscal Court et al. v. Gregg, County Surveyor.

(Decided June 19, 1936.)

LAURENCE S. GRAUMAN and STUART E. LAMPE for appellants.

GEORGE S. WETHERBY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and defendant below, G. R. Gregg, is the duly elected, qualified, and acting county surveyor for Jefferson county, Ky. The appellants and plaintiffs below are the Jefferson county fiscal court and its members. A controversy arose as to whether the latter has the authority, and it is made its duty, to furnish the office of defendant with necessary articles of furniture equipment for its use by defendant in discharging his official duties. That controversy culminated in the filing of this declaratory judgment action by plaintiffs against defendant in the Jefferson circuit court. The learned judge before whom the cause was assigned on final submission adjudged that

plaintiffs were not only vested with authority to provide for the furnishings referred to, but that it was their duty to do so, and from that judgment they prosecute this appeal.

The only statutory provisions possessing any apparent bearing upon the question are sections 4672a-5 and 4679a-2 in Carroll's Kentucky Statutes, 1930 edition. The first one is section 5 of chapter 108 of the Session Acts of 1904, entitled "An Act to define the duties of the county surveyors, and to preserve the surveys made by them"; while the other is section 2 of chapter 9, p. 83, of the Session Acts of 1912, entitled: "An Act Providing for the supplying of the Records of County Surveyor's Office where same have been burned, lost, mutilated or destroyed." The section of the 1904 act provides: "That the surveyor's record book shall be furnished by the county court, and all records therein shall be the property of the county, and be kept at the county seat, in the surveyor's office *provided by the county court*" (our italics), while the 1912 enacted one says: "The county for which such records are supplied shall furnish or pay for the necessary books in which to make the said records and for the necessary clerk hire to transcribe said records, but no fee or fees shall be due or payable to the State of Kentucky or any officer for such records or the making thereof."

While the first section (4672a-5) does not in express terms prescribe for the furnishing of an office by the county to be occupied by the county surveyor, it does enjoin upon the county the duty to furnish such an office and a record book, both of which shall be provided by the "county court," ordinarily understood as being composed only of the county judge, but who, nevertheless, is vested with fiscal duties appertaining to his county and who is also a member of the fiscal court by virtue of his office. There can be no doubt, therefore, as to the right of the Legislature to confer such ministerial duty upon him and make its performance as imperative upon the county as if the obligation had been conferred on the *fiscal* court of the county. We shall therefore assume that the section imperatively imposes the duty upon the county to furnish an office room or rooms for its county surveyor.

The second section above referred to (4679a-2), as appears from the title of the 1912 act of which it is a part, was evidently enacted to dissipate all doubt as to whether a county had the right to supply necessary record books for the county surveyor's office where such supplies "have been burned, lost, mutilated or destroyed." That language carries with it the implication that such offices had theretofore been supplied with such articles and records, but that they had been destroyed in the manner pointed out and needed resupplying. The purpose of the statute was, no doubt, to make it clear, and place it beyond dispute, that the county had the authority, and it was its duty, to re-supply the office with such destroyed equipment. But it does not necessarily follow therefrom that without that act such resupplying could not have been made by the county through its fiscal officers. Having said this much with reference to the two sections, we will now turn to a consideration of the merits of the question.

Undoubtedly section 4672a-5, as we have pointed out, enjoins upon the county to furnish its official surveyor with office space, and so much is conceded by plaintiffs in this case. But they say that the duty so enjoined is fulfilled when the county provides a sufficient space inclosed by four walls, a floor, a ceiling, and a roof, for the occupancy of the county surveyor as one of its county officials; while defendant contends that the office referred to in the statute, the furnishing of which is enjoined upon the county, means, through incontrovertible implication, a *furnished* one, embracing the necessary equippage for the proper discharge by the occupant of the duties of his office, and which includes necessary desks, tables, chairs, filing cases, and other articles commonly used and profitably employed in such an office. That contention so advanced by defendant is, to our minds, undoubtedly correct. Not only is such conclusion inevitable from the language of the applicable statutory provisions, but it is likewise reached because it is the only reasonable one that could be made, since the narrow and strict interpretation advanced by plaintiffs may not be attributed to the Legislature as expressive of its full intent and purpose in providing for the furnish-

ing of *an office* by the county for its county surveyor. Clearly, to our minds, that duty extended further than a provision for what might be termed a nude office without the garments of necessary equipment to render it available for the purpose intended, and which equipment consists in the necessary articles of the nature hereinbefore pointed out.

But learned counsel representing plaintiffs cite to us section 4042a-14 of our present 1930 Statutes, but which is a part of our statutory regulations relating to the official position of county tax commissioner. So far as pertinent, that section says: "The fiscal court of each county, or whatever body shall take over the powers of the fiscal court in any county, shall provide for the county tax commissioner a suitable office room or rooms, when possible, in the county courthouse, or when that is not possible, in some other building, together with suitable furniture," etc. Since the furnishing of the office for the county tax commissioner with necessary equippage of the nature referred to is therein expressly provided for with reference to that office, it is argued that, if the Legislature had intended for such provision to also be made with reference to the county surveyor's office, it would have said so in unmistakable terms. The argument invokes a rule of interpretation frequently resorted to and applied by courts in interpreting statutes and, perhaps, private documents. But it is generally more effective in cases where the clearly expressed intent, and a provision where such expressed intent was omitted (but if it exists must be implied), are each found in the same document or in the same statute, although it is proper to resort to the argument when the two are found in different documents as well as when they appear in the same one. But it should be remembered (and which principle is conceded by learned counsel for plaintiffs) that power and authority may be conferred by a statute in two ways: (a) By express provision, and (b) by necessary implication, and those two methods apply to authority conferred on fiscal courts and counties by the Legislature the same as it does to any other subject. See Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271, and Jefferson County v. Peter, 127 Ky. 453, 105 S. W. 887, 32 Ky. Law Rep. 374.

When the Legislature enacted section 4042a-14, supra, with reference to the furnishing and equipping of an office for county tax commissioner (which was done. in 1918), its draftsman employed more explicit language in creating the duty imposed. than did the draftsman of the 1904 act (section 4672a-5, supra) in imposing the same duty with reference to the office for county surveyor. It no doubt never occurred to the draftsman of the later act that any one would ever contend that four bare walls, a roof, and a floor would suffice to fulfill the intention and purpose of the Legislature in the enactment of that statute, and that it would be and was necessarily implied that the duty would remain unexecuted until such furnishings were made. A different interpretation would be followed by most impractical and confusing consequences. If the theory of plaintiffs be correct, then the necessary equippage making up the furnishing of the surveyor's office would belong to the individual who supplied them, and, of course, he would have the right upon his retirement from office to remove them. They would still suffice to serve the same purpose to which they had been devoted for, perhaps, many years to come, but, when detached from the office by the retiring surveyor, they would become junk, unless he should become engaged in a business requiring the use of such articles. Without such subsequent engagement by the retiring surveyor, the property would have but little value to its owner although possessing the same value as a necessary adjunct or appurtenant to the office from whence it was taken that it had theretofore possessed.

It cannot be believed that the Legislature ever intended any such result, and, since its directions as contained in section 4672a-5, supra, of our Statutes, by necessary implication, as we have concluded, imposed the duty herein contested, the judgment appealed from correctly declared the rights of the parties, and which is not inconsistent with any of our opinions relied on by learned counsel for plaintiffs in their brief filed in this court. There is nothing in the case of Commonwealth v. Nunnelley, 211 Ky. 409, 277 S. W. 506, relied on by counsel, to the contrary, and the same is true with reference to our holding in the case of Hollis v. Weissinger, 142 Ky. 129, 137, 134 S. W. 176, 179, also relied on by the same counsel.

Wherefore, for the reasons stated, the judgment is affirmed; the whole court sitting.