# McFarland, Court Treasurer, v. Withers et al.

(Decided June 7, 1938.)

R. E. LLOYD and MONTGOMERY & MONTGOMERY for appellant.

A. C. HOLDER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Reversing.

This is an appeal from a judgment of the Russell Circuit Court adjudging the appellant, Joe McFarland, Treasurer of the Russell County Fiscal Court, to be in contempt of court and directing that he be confined in the county jail "till he purge said contempt."

The appellee Ovel Withers brought suit against the Russell County Fiscal Court to recover a judgment in the sum of $435.41 on certain county warrants alleged by him to have been received for special services to the county. The members of the Fiscal Court filed an answer in which they admitted the allegations of the petition and made no defense to it. Thereupon the court entered a judgment in accordance with the prayer of the petition and likewise directed "that the treasurer of Russell County be and he is now ordered by this court to pay the said sum of $435.41." The treasurer was not a party to the proceeding and was not before the court. Thereafter the attorney for the plaintiff filed a notice in open court, directed to the treasurer, and moved the court to issue a rule against him to show cause why he had failed to comply with the terms. of the judgment. Appellant, having been served with the notice, filed a response setting out various defenses,.

some of which, if true, were undoubtedly a sufficient answer to the rule. The court, however, held it insufficient and adjudged the appellant treasurer to be in contempt of court.

No extended discussion is necessary to point out the obvious fact that appellant could not be in contempt of court in failing to comply with a judgment in a proceeding to which he was not a party and of which, so far as this record shows, he had no notice and no opportunity to defend. It does not even appear that appellant was notified of the existence of the judgment prior to the time that he was hailed into court upon the notice of the motion for a rule against him. Appellees apparently recognize the impropriety of the proceedings, for they have not even filed a brief in this court.

"Mandamus may be used, and is the appropriate remedy to compel a recalcitrant officer to perform a merely ministerial duty which the law requires at his hands." Cain v. Burroughs Adding Machine Company, 180 Ky. 567, 203 S. W. 315, 316. In a mandamus proceeding the appellant treasurer will have an opportunity to present his defenses, if any, in an orderly manner.

Judgment reversed, with directions to discharge the rule.