## Webster County v. Hall et al.

(Decided Oct. 21, 1938.)

VERT C. FRASER and WITHERS & LISMAN for appellant.

C. W. BENNETT, HENSON & TAYLOR and PENTECOST & DORSEY for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

By its authorized agents and officials, Webster County, Kentucky, brought this suit in the Webster circuit court against the defendants, A. L. Hall, a former judge of the Webster county court, and his surety, Fidelity and Deposit Company, and D. M. Perkins, E. K. Coffman, Guyler Springfield, O. C. Vaughan, and G. M. Gibson, former justices of the peace of Webster County, and their respective sureties, seeking to recover of them the sum of $171,333.42, as the balance of the proceeds of the sale of $250,000 in revenue bonds issued and sold by defendants as members of the fiscal court of Webster County, Kentucky.

The court sustained a demurrer to the petition and Webster county has appealed, hence the only question involved in this appeal is whether plaintiff's petition and petition as amended stated a cause of action.

Omitting the preliminary formalities of the petition and considering the allegations relied on for cause of action, it is alleged that prior to July 17, 1929, the voters of Webster County, Kentucky, authorized the fiscal court of Webster County to issue county revenue bonds in the sum of $250,000 negotiable and payable to bearer, and pursuant to and by authority of said election said bonds were duly issued pursuant to an order of the fiscal court, the said county judge and several magistrates, and when sold, they would become valid and binding obligations against Webster County, Kentucky. A special levy of 20 cents of each $100 of assessable property in Webster County was authorized for the purpose of paying the interest and creating a sinking fund for the retirement of said bonds, all of which was duly and properly done. On July 17, 1929, the said fiscal court in special session with each and all of the members present, sold said bonds to Caldwell & Company, a Tennessee brokerage corporation, for approximately $244,000, being approximately $6,000 less than the face value thereof, and at the time of said sale Caldwell & Company agreed to pay to Webster County as demanded such sums as from time to time might be needed in carrying out the purpose of the issuance of said bonds for the construction of roads in Webster County; that no part of said sum was paid on said bonds except the

sum of $53,666.58; that since the sale of the bonds and before the balance of the purchase price was paid, Caldwell & Company became bankrupt and unable to carry out the terms of said agreement and defaulted in its payment of same, except that since Caldwell & Company became bankrupt and insolvent there was paid on certain collateral placed by Caldwell & Company to secure payment of said indebtedness, the sum of approximately $25,000, leaving a balance due Webster County on said bonds the sum of $171,333.42 for which said fiscal court and each and all of its members failed to account to Webster County or to its duly elected and acting treasurer or otherwise; that said county judge and each and all the members of the said fiscal court, by reason of the breach of their duties imposed by law, are indebted to Webster County in the sum of $171,-333.42, with interest at 6% per annum from July 17, 1929, until paid, and no part of said sum except the sums above set out have been paid.

It is further alleged that the sale of said bonds without receiving cash therefor and without accounting to Webster County for said sum was in violation of the law and unauthorized and that they, defendants, were only authorized to make sale of said bonds for cash, which they did not do; that they sold same approximately $6,000 below par and in violation of law; that by reason of each and all said facts, plaintiff brings this action for the recovery of money from the defendants as members of said fiscal court, upon a breach of their duties imposed by law. Other allegations are made in regard to the solvency of some of the defendants and the responsibility of their respective sureties. Certified copies of the bonds were filed as an exhibit with the petition.

Later, plaintiff filed its amended petition in which the procedure had and steps taken in the calling of the special election and the submission of the question of the issuance of the bonds to the voters of Webster County, were pleaded. It also set out the date of the special election as of August, 1928, and the results of same; that on July 17, 1929, at a regular session of the fiscal court, with all of its members (defendants herein) present, they entered the following conditional bid which was made by Caldwell & Company, to the fiscal court of Webster County:

"July 17, 1929.

"Hon. Fiscal Court,
  "Webster County, Kentucky,
  "Dixon, Kentucky.
"Gentlemen:

    "A condition of our bid for $250,000.00 Webster County, Kentucky, 5% Road and Bridge Bonds which is hereto attached is that on delivery of these bonds to us after approval, proceeds of their sale are to be deposited with us. We agree to give you satisfactory bond for security and pay you interest at the rate of 5½% on average daily balances said proceeds to be checked upon only when needed to pay when due for work as it progresses, or for any other purposes for which it may be legally spent, for which payment is due, checks to be accompanied by approved vouchers. It is understood and agreed that the county will endeavor to arrange with the State Highway Department to have funds left on deposit with us, in this event we agree to continue to pay county interest at the rate of 5½% less any amount necessary to be paid to the State Department.

    "Yours, very truly,
      "Caldwell & Company,
      "By: L. L. Clark, Agent."

On the same day an order was entered by defendants providing for the issuance of $250,000 in road and bridge bonds of Webster County, and for the levy of taxes to pay same in which order it was set forth that said indebtedness was voted under section 4307, Carroll's Kentucky Statutes, Sixth Edition, 1922, and entered an order authorizing the issuance of the bonds in the sum of $250,000 and provided for the form of the bonds, etc. The order further provided that the bonds authorized be issued and be thereupon delivered to Caldwell & Company, the purchaser thereof, upon receipt of the purchase price, the same to be not less than par value and accumulated interest. It is further alleged that no order was ever entered by said fiscal court approving the act of any officer or agent or any individual in delivering said bonds to said Caldwell & Company and that the order directing said bonds to be delivered to Caldwell & Company upon receipt of the purchase price therefor was never executed; that the

purchase price of the bonds was never received by the said fiscal court or Webster County or any duly qualified officer of Webster County authorized to receive said funds or any part thereof, and said bonds were sold by the said fiscal court or its members or some single member attempting to act for the fiscal court, or otherwise disposed of, without receiving the purchase price therefor, and such action or attempted action was illegal and void and wholly without any authority of law; that the defendant A. L. Hall delivered said bonds to Caldwell & Company without receiving the payment of the purchase price and without any authority either from the fiscal court, or under the laws of the State of Kentucky, and as a direct result of the delivery of said bonds to Caldwell & Company it sold and disposed of said bonds to persons who are at this time claiming to be innocent holders in due course, and that the said Caldwell & Company never paid to Webster County any part of said purchase price except the sum of approximately $69,000, leaving a balance due on the purchase price of $171,333.42, with interest as set forth in the original petition. It is further alleged that Caldwell & Company became insolvent in November, 1930, and was adjudged a bankrupt and after its assets were marshalled and debts were determined it was unable to pay any portion of its common claims and as a direct result of the facts set out in the petition and amended petition the plaintiff lost its bonds and the purported purchase price thereof and by reason thereof the defendants breached their covenants and obligations to and with Webster County, Kentucky, and were justly indebted to Webster County, Kentucky, in the sum of $171,333.42, with interest, etc.

It is further alleged that each and all of the defendant members of the fiscal court knew of the delivery of said bonds to Caldwell & Company by A. L. Hall and knew that the purchase price was not paid as made and provided in the said order and as provided by law in such cases, and it was the duty and obligations of each and all of said defendants to obtain the purchase price in full at par for each and all of said bonds so delivered to Caldwell & Company and that by reason of their failure to do so and the failure of each of them to collect said funds or in good faith attempt to collect same within a reasonable time after the delivery of the bonds to

Caldwell & Company each and all of them breached their duty as such officers to Webster County, which breach of duty resulted in the loss aforesaid. It is further alleged that the attempted and purported sale to Caldwell & Company by leaving the purchase price with the said Caldwell & Company amounted to a sale on credit of said bonds or a loan of the funds to Caldwell & Company each of which would be and was wholly unauthorized by the laws of the state of Kentucky, and it was the duty of each defendant and each of them and the fiscal court to collect the purchase price of said bonds and to deliver the same to the county treasurer of Webster County.

A second amended petition was filed alleging that neither the fiscal court of Webster County, nor any of the members thereof collected or provided for the collection in any manner of the par value of said bonds; that upon receipt of said bonds by Caldwell & Company from some person in Webster County, said Caldwell & Company did on August 20, 1929, enter to the credit of Webster County the sum of $243,875 and a credit of $659.75 for accumulated interest of the bonds from the date of their issuance to the date of delivery; that about $6,125 of said amount was never accounted for by Caldwell & Company to Webster County or to anyone else for the use and benefit of Webster County or to any authorized agency of Webster County, and that no report of any showing was ever made by either the fiscal court or any of its members. It is further alleged that it was the duty of the defendant as members of said fiscal court after said bonds had been delivered to Caldwell & Company to make provisions for the collection and preservation of said funds and that neither the fiscal court nor any member thereof ever made any provisions for the collection or preservation of any of said funds, and more especially of the sum of $6,125, and that the act of said fiscal court and each and all of its members was a fraud upon Webster County in failing to either collect or make provisions or security for the said sum of $6,125; that in addition to all other liability pleaded the said defendants and each of them are indebted to Webster County in the sum of $6,125, no part of which had been paid or accounted for in any way to Webster County.

A motion to strike certain allegations was made by

defendants. If it be conceded that certain allegations of the petition were somewhat inconsistent, or inconsistent with certain exhibits, yet such inconsistency, if any, was of minor importance. It appears to us that after eliminating such apparent inconsistency or other deficient matter, if any, the allegations of the petition and petition as amended, contains sufficient allegations to constitute a cause of action. It is alleged in the first amended petition that defendant A. L. Hall delivered the bonds to Caldwell & Company without any authority of the fiscal court. But the orders of the fiscal court do show that the bonds were ordered delivered to Caldwell & Company. But in that connection, it is further alleged that at the time A. L. Hall made the delivery of the bonds, he failed to receive the purchase price therefor from Caldwell & Company as provided in the previous order of the fiscal court and that the other defendants knew of same.

It is alleged that the bonds were sold below par contrary to Kentucky Statutes section 4307, which provides that road bonds shall not be sold for less than par. In Duff v. Knott County, 238 Ky. 71, 36 S. W. (2d) 870, that section of the statute was held to be mandatory.

It is alleged in the second amended petition that upon receipt of the bonds by Caldwell & Company on August 20, 1929, it *entered to the credit* of Webster County the sum of $243,875, and a *credit* of $659.75 for accumulated interest on the bonds. As we interpret this allegation it means that upon receipt of the bonds Caldwell & Company made an entry in its books showing that it owed Webster County the sums indicated by the credits. And in the same amended petition it is alleged that:

> "Neither the fiscal court nor any of its members ever made any provision for the collection or preservation of any of said funds, and more specifically of the sum of $6,125.00 * * *."

This transaction was in substance a sale of the bonds on a credit for which we find no authority of law.

Section 4308 of the Kentucky Statutes provides, among other things, that any accumulation in the sinking fund may be loaned by the fiscal court, but no provision is made for a loan of the proceeds of the bond. The fiscal court gets its whole authority from the stat-

ute and an authority not expressly granted by the statute, or one necessarily implied to carry into effect the authority granted, is withheld as much so as if expressly prohibited. Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271; Jefferson County v. Peter, 127 Ky. 453, 105 S. W. 887, 32 Ky. Law Rep. 374; Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005; Com. v. Fayette County, 239 Ky. 485, 39 S. W. (2d) 962.

It is insisted for appellees that the alleged acts of the fiscal court were quasi legislative and quasi judicial and its members cannot be held responsible therefor, even though they commit an error in judgment or depart from sound policy. But that rule is not applicable to the facts set out in the petition in this case. It may be conceded that the members of the fiscal court may not be held responsible for certain legislative or judicial acts, but that does not mean that they may escape liability for acts contrary to mandatory provisions of the law, or without authority of law, as alleged in the petition.

Lastly, it is insisted that the alleged cause of action was barred by the five year statute of limitations, Kentucky Statutes, section 2515, and that the statute of limitations may be raised by demurrer, citing Board v. Jolly, 5 Bush 86, 68 Ky. 86 and Low v. Ramsey, 135 Ky. 333, 122 S. W. 167, 135 Am. St. Rep. 459.

We do not think the present case falls within the principles announced in the cases supra. It is held in those cases that the petition must not only show the lapse of time, but the non-existence of any ground of avoidance, in order that the limitations may be reached by demurrer instead of by plea. In the case at bar the petition merely shows that approximately seven years had elapsed between the time of the alleged sale of the bonds and the filing of the action. But it does not show the non-existence of any ground of avoidance or facts or circumstances which may have prevented the running of the statute for five years before the filing of the action. See Merritt v. Cravens, 168 Ky. 155, 181 S. W. 970, L. R. A. 1917F, 935.

It is our conclusion therefore, that the court erred in sustaining the demurrer to the petition.

Judgment reversed and remanded for proceedings consistent herewith.