**SHAMBURGER et al. v. TIERNEY.**

Court of Appeals of Kentucky.

May 1, 1953.

R. Davis McAfee, Louisville, for appellant.

Lawrence G. Duncan, County Atty., and Arthur C. Coaplen, Asst. County Atty., Lousiville, for appellee.

DUNCAN, Justice.

This is a declaratory judgment suit to determine whether or not the fiscal court of Jefferson County may legally expend public funds in decorating the county court house for the Kentucky Derby. Although the amount directly involved is small, ($150.00), the question is important as it may arise time and again in connection with a great variety of events. The Chancellor concluded that public funds could not be used for the purpose indicated, and the fiscal court has appealed.

Authority for the expenditure is claimed under KRS 67.080(10), which provides:

"The fiscal court may: * * *

"(10) Appropriate county funds to make provision to secure immigration into the county and to advertise the resources of the county".

It is a fundamental rule of construction that statutes authorizing the appropriation of public funds will not be extended beyond the natural and fair meaning of the words used. Appellee relies upon and appellants seek to distinguish the case of Jefferson County v. Peter, 127 Ky. 453, 105 S.W. 887, 888. There, this Court, in construing the same statute, held that Jefferson County had no authority to appropriate $10,000 for the purpose of securing the Democratic National Convention of 1908 to be held in Louisville. In the course of the opinion, it was said:

"In view of the history of the state, the legislative purpose in the act is not difficult to be seen. There has been little immigration into Kentucky. Her resources have not been heralded to prospective immigrants. The tide of immigration has poured to the West without reaching us. The purpose of the Legislature was to enable the fiscal courts to advertise the resources of their counties and thus attract immigration. Things that are germane to this end the fiscal court may do; but they must be naturally and directly germane to the end, not indirectly or remotely. A manufactory or a mine might attract immigration to a county; but it could not be maintained that the fiscal court may appropriate the funds of the county to secure the location of a factory, or the opening of a silver or lead mine, on the idea that it would secure immigration into the county or bring it into public notice."

As pointed out in the Peter case, if public funds could be appropriated by the fiscal court for the purposes there contemplated, it would necessarily follow that similar expenditures could be made in connection with any other convention which might bring people to the community temporarily. We may say here that if an appropriation can legally be made to provide decorations over the Derby period, funds could also be spent for that purpose in commemoration of any other occasion which might be expected to bring visitors into the county.

We do not think it can be said that hanging banners, pennants, flags, and bunting on the court house comes within the statutory meaning of securing immigration or advertising the resources of the county. Indeed, the sole purpose for the decorations is to make the court house look gay and festive in keeping with the gala spirit of Derby Day.

We think the case of Jefferson County v. Peter, supra, is directly in point with the question presented here. No useful purpose would be served by repeating the many other reasons suggested there for declaring the proposed expenditure illegal.

The judgment is affirmed.