TIERNEY v. SHAMBURGER et al.

Court of Appeals of Kentucky.

March 26, 1954.

and knowing we can do no better, we have adopted it as the opinion of this court.

"The Fiscal Court of Jefferson County on June 25, 1953, entered an order reciting in substance that the dignity and respect of the Circuit Courts of Jefferson County would be enhanced if the Judges of the Courts wore robes while holding court and further reciting that the Louisville Bar Association had from time to time requested that robes be worn by the Judges. It was ordered that $500 be appropriated to purchase such robes, which would remain the property of Jefferson County and be a part of the furnishings of the court room to be used during the conduct of trials and hearings by the regularly constituted judges and all temporary and special judges who might serve in the court.

"The Treasurer of Jefferson County, being doubtful that the Fiscal Court had authority to make this appropriation, filed this action against the members of the Fiscal Court seeking a declaration of rights with reference thereto.

"The Fiscal Court is a court of limited jurisdiction and without power to appropriate county funds unless authorized by law, as has been held many times by the Court of Appeals. It is agreed by the parties that any power the Fiscal Court might have to make the appropriation for the purchase of robes for the judges must be found in KRS 67.080(4), which provides that the Fiscal Court may 'secure * * * a comfortable and convenient place for holding court * * *.'

"Obviously, the above-quoted statutory language does not specifically authorize the Fiscal Court to make such an appropriation as that here in controversy and it is true, as a general rule, statutes authorizing the appropriation of money are somewhat strictly construed. Of necessity, however, this statutory authority vested in the Fiscal Court the power to provide a comfortable and convenient place for holding court. This section has been liberally construed by the Court of Appeals in order to accomplish the statutory purpose, namely

---

Lawrence G. Duncan, County Atty., Arthur C. Coaplen, Asst. County Atty., Louisville, for appellant.

Robert T. Burke, Louisville, for appellee.

SIMS, Chief Justice.

This is a declaratory judgment proceeding which questioned the validity of an appropriation of $500 made by the Fiscal Court of Jefferson County to be used in purchasing robes for the Judges of the Circuit Courts of that county. The case was heard by a Special Judge, the late Hon. Will H. Fulton, a former distinguished member of this Court and its former Chief Justice, who held that the appropriation was legally made. While the amount involved is only $500, we regard the question of sufficient importance to justify a written opinion by this Court. Judge Fulton's opinion is written in his usual clear and concise manner

the providing of a comfortable place for holding court, and by the word 'comfortable' the Legislature necessarily meant a sufficient and adequate place.

"In Simons v. Gregory, 120 Ky. 116, 123, 85 S.W. 751, it was held that the Fiscal Court of Jefferson County was authorized to appropriate funds for an elevator for the court house on the theory that an elevator was necessary for that purpose.

"In Hollis v. Weissinger, 142 Ky. 129, 134 S.W. 176, 177, it was held that electric fans could be purchased by the Fiscal Court for the use of the County Clerk's Office because such fans were in common use and recognized as necessary for 'a comfortable and convenient place for holding court'.

"In Cain v. Burroughs Adding Mach. Co., 180 Ky. 567, 203 S.W. 315, it was held that the Fiscal Court had power to purchase adding machines for the County Court, although it was said that the Statute did not expressly authorize such a purchase, but that the use of adding machines, like typewriters and other supplies, was indispensably necessary to the proper conduct of the business of the Court.

"In Jefferson County Fiscal Court v. Gregg, 265 Ky. 61, 95 S.W.2d 1130, 1131, there was involved KRS 73.110, which provides that the county shall provide the County Surveyor with an office at the county seat. It was contended that this duty was fulfilled when the county provided mere office space for the surveyor and that the Fiscal Court had no authority to provide the necessary articles of furniture and equipment for use by the surveyor. It was held, however, that by necessary implication the Fiscal Court was authorized to provide a furnished office, embracing the necessary equipment for the proper discharge of his duties, including desks, tables, chairs 'and other articles commonly used and profitably employed in such an office'.

"In Steinfeld v. Jefferson County Fiscal Court, 312 Ky. 614, 229 S.W.2d 319, 321 the Court considered KRS 70.550 authorizing the County Court to make and promulgate rules and regulations for the organization, equipment and maintenance of the County Police Force. It was held that the word 'equipment', as used in the Statute, included uniforms for members of the police force and that the Fiscal Court had power by virtue of this Statute to provide for the purchase of such uniforms. In the course of the opinion it was said:

" 'The uniform is a badge of the office, and the requirement that such badge be worn inures to the benefit of the public and the department to a far greater extent than to the officer.'

■"In view of the authorities referred to, the Court has little trouble in arriving at the conclusion that it was well within the power of the Fiscal Court to provide for purchase of robes to be worn by the circuit judges of the county while holding court. These robes are 'articles commonly used', just as much so as other furnishings provided by the Fiscal Court for use in the court room.

"The robe worn by a judge while holding court is in no sense to be regarded as personal wearing apparel of the judge, since it is only worn while the judge is actually holding court in the court room which the Fiscal Court is required to provide. Just as the Court in the Steinfeld case referred to above said with reference to uniforms of policemen, the robe worn by the judge while holding court is a badge of service and its wearing inures to the benefit of the public to a far greater extent than it does to the judicial officer. The judge himself receives no personal benefit from the wearing of the robe but, as recited in the resolution of the Fiscal Court which is in question in this action, the dignity and respect of the court is enhanced by the wearing of the robe to the benefit and advantage of the public generally.

"For the reasons given, it is the opinion of the Court that the Fiscal Court of Jefferson County had the right to appropriate the necessary funds to purchase robes to be worn by the Circuit Judges as specified in the resolution."

We agree in toto with what Judge Fulton has said, therefore the motion for an appeal is sustained and the judgment is affirmed.